1 | WILLIAM P. KANNOW, Bar No. 71409
2 | wkannow@perkinscoie.com
    PERKINS COIE LLP
3 | 1620 26th Street
    Sixth Floor, South Tower
4 | Santa Monica, CA 90404-4013
5 | Telephone: 310.788.9900
    Facsimile: 310.788.3399
6 |
7 | Attorneys for Defendants,
    OFFICEMAX INCORPORATED, a Delaware
8 | corporation and OFFICEMAX NORTH AMERICA,
    INC., an Ohio corporation
9 |

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | WILLIAM MINTER, JR., individually | Case No. **C07-02399**
13 | and on behalf of all those similarly
     situated,
                                        | NOTICE OF REMOVAL OF ACTION
14 |                        Plaintiff,   | PURSUANT TO 28 U.S.C. §§ 1332, 1441,
                                        | 1446, 1453
15 |           v.
16 | OFFICEMAX, INC., a Delaware         | [CLASS ACTION FAIRNESS ACT]
     corporation; OFFICEMAX, INC. fka
17 | BOISE CASCADE CORPORATION, a        | (Alameda County Superior Court
     Delaware corporation; BOISE OFFICE | Case No. RG07316793)
18 | SOLUTIONS, corporate form unknown;
19 | and, DOES 1 through 500, inclusive,
20 |                        Defendants.

PLEASE TAKE NOTICE that Defendants OFFICEMAX INCORPORATED, a Delaware corporation (formerly known as BOISE CASCADE CORPORATION, a Delaware corporation) and OFFICEMAX NORTH AMERICA, INC., an Ohio corporation (formerly known as OFFICEMAX, INC., an Ohio corporation)(collectively "Defendants" or "OfficeMax"), by and through their undersigned counsel, hereby remove this action to the United States District Court for the Northern District of California

1    pursuant to 28 U.S.C. §§ 1446 and 1453, invoking this court's jurisdiction under 28 U.S.C.

2    §§ 1332(d), 1441(a), and 1453(b). Removal is proper for the following reasons.

### BACKGROUND

4        1.       On or about March 21, 2007, plaintiff William Minter, Jr., on behalf of

5    himself and all others similarly situated ("Plaintiffs"), commenced a putative class action

6    in the Superior Court of the State of California, County of Alameda, entitled *William*

7    *Minter, Jr. v. OfficeMax, Inc.*, Case No. RG 07316793 ("Complaint"). A copy of the

8    Complaint is attached as Exhibit A.

9        2.       The Complaint purports to assert eight claims for relief against Defendants

10   stemming from Plaintiffs' employment with them, and – among other things – alleges

11   Defendants' failure to comply with certain requirements contained in the California Labor

12   Code; California Industrial Wage Commission Orders Nos. 4-2001 & 7-2001; California

13   Business and Professions Code § 17200 *et seq.*; and the Unruh Civil Rights Act

14   (California Civil Code § 51 *et seq.*)

### TIMELINESS OF REMOVAL

16       3.       Plaintiffs served OfficeMax with the Summons and Complaint in this matter

17   on April 3, 2007. The Summons and Complaint are attached as Exhibit A. On May 1,

18   2007, Defendants filed their Answer in state court. This Answer is attached as Exhibit B.

19       4.       Removal is timely because Defendants filed this Notice of Removal within

20   30 days after being served with the complaint in this matter. 28 U.S.C. § 1446(b).

### DIVERSITY JURISDICTION UNDER THE
### CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(d)

23       5.       Pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act

24   ("CAFA"), "the district courts shall have original jurisdiction of any civil action in which

25   the matter in controversy exceeds the sum or value of $ 5,000,000.00, exclusive of interest

26   and costs, and is a class action in which—(A) any member of a class of plaintiffs is a

27   citizen of a State different from any defendant . . ." As set forth in greater detail below,

28   Defendants remove this case pursuant to this provision.

**Diversity of Citizenship**

6.      At all relevant times, Plaintiffs allege they are and were residents and/or workers located within the State of California. Complaint at ¶ 8. Therefore, the named Plaintiff and at least one other member of the proposed plaintiff class is a citizen of California. *See id.*

7.      Defendant OfficeMax Incorporated is a Delaware corporation with its principal place of business in Illinois, and therefore is a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c). Defendant OfficeMax North America, Inc. is an Ohio corporation with its principal place of business located in Illinois. Thus, said Defendant is a citizen of both Ohio and Illinois.[1] *Id.*

8.      Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 500, inclusive, is irrelevant.

9.      Because Defendants are incorporated and have their principal places of business outside California, and one or more members of the proposed plaintiff class is a citizen of California, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

10.      There is no basis for the Court to refuse to exercise jurisdiction under 28 U.S.C § 1332(d)(3) or (d)(4). Along with the satisfaction of other applicable requirements, the fact that no defendant is incorporated or has its principal place of business within California is sufficient to confer jurisdiction. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) and § 1332(d)(4)(B).

---

[1] OfficeMax Contract, Inc. (formerly Boise Cascade Office Products Corporation – doing business as Boise Office Solutions) was – prior to the filing and service of Plaintiffs' Complaint – merged into defendant, OfficeMax Incorporated.

1

**Amount in Controversy**

2      11.      Plaintiffs allege, among other claims, that Defendants violated California

3    Labor Codes §§ 512, 516 and 226.7 by failing to provide required uninterrupted meal or

4    rest periods. Complaint at ¶¶ 52-61. Plaintiffs further allege that Defendants failed to

5    timely pay departing employees all of their wages due as required by California Labor

6    Code §§ 201, 202, and 208, and that former employees of the putative class are therefore

7    entitled to late-pay or waiting time penalties under California Labor Code § 203.

8    Complaint at ¶¶ 38, 62-65. Based on Defendants' alleged failure to timely pay departing

9    employees all wages earned, Plaintiffs also seek "punitive damages in an amount

10   appropriate to punish and make an example" of Defendants pursuant to California Civil

11   Code § 3294. Complaint at ¶ 65. In addition, Plaintiffs allege Defendants: (a) failed to

12   pay wages for all time worked in violation of the California Labor Code, and are thus also

13   entitled to penalties under § 558 (Complaint at ¶ 34-38); (b) failed to pay all overtime

14   wages (Complaint at ¶¶ 39-43); (c) failed to pay minimum wages (Complaint at ¶¶ 44-51);

15   (d) converted accrued wages and compensation (Complaint at ¶¶ 72-75); (d) violated

16   California Civil Code § 52.1 (Complaint at ¶¶ 76-83); and (e) violated § 17200, *et seq.* of

17   the California Business & Professions Code (Complaint at ¶¶ 66-71).

18      12.      In order to assert class action jurisdiction, Plaintiffs allege that "[c]ommon

19   questions of fact and law exist as to all class members and predominate over any

20   questions that affect only individual class members." Complaint at ¶ 18; see also

21   Complaint at ¶ 29. Plaintiffs allege that the conduct at issue affected the named Plaintiffs

22   and all putative class members. *Id.* Further, Plaintiffs assert that:

23              [o]ver the statutory period, . . . the number of putative class
                members may exceed 20,000 to 25,000 persons. The number
24              of putative class members may increase, depending upon the
                turnover rate for employees over the applicable statutory
25              period prior to the filing of the Complaint. In light of the
                above, the above class easily satisfies the numerosity
26              requirement.

27   Complaint at ¶ 28 (emphasis added).

28

1        13.    The Complaint does not make a specific demand for damages. Under the

2   CAFA, where a complaint "fails to plead a specific amount of damages, the defendant

3   seeking removal 'must prove by a preponderance of the evidence that the amount in

4   controversy requirements have been met.'" *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479

5   F.3d 994, 998 (9th Cir. 2007) [quoting *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685

6   (9th Cir. 2006)]. Based on the allegations in Plaintiffs' complaint, and the calculations set

7   forth below, Defendants have clearly established by a preponderance of the evidence that

8   this case involves an amount in controversy greater than $ 5,000,000.00, as required by

9   28 U.S.C. § 1332(d)(2) and 1332(d)(6). By the statements contained in this Notice of

10   Removal, Defendants **do not concede** that Plaintiff and/or the putative class is entitled to

11   any damages or penalties, including amounts in excess of $ 5,000,000. Nevertheless, the

12   aggregated <u>claims</u> of individual class members establishes an amount "in controversy" in

13   excess of $ 5,000,000 exclusive of interests and costs for the reasons set forth below.

14        14.    OfficeMax has two divisions—a contract stationer division, which involves

15   its distribution centers and cross docks, and a retail division, which is made up of its retail

16   stores. Declaration of Kristine Alther ("Alther Decl.") at ¶¶ 2-3. Both divisions employ

17   both full-time and part-time employees. *Id.*

18        15.    The calculations set forth herein, which establish an amount in controversy

19   much greater than $5,000,000, are based <u>solely</u> upon the full-time retail employees. [2]

20   Therefore, when the employees on the contract side, both full and part-time, as well as the

21   part-time retail associates, are included, the amount in controversy would surpass the

22   required $5,000,000 many times over.

23        16.    Office Max North America, Inc. employed **1030** full-time non-exempt

24   employees in the retail division in California between March 21, 2003 and

25

---

26  [2] Defendants base their calculations on the assumption that full-time employees work five days at
eight hours per day. This is actually a conservative assumption, as the full-time employees could
27  work five or more hours per day over six or more days per week, and an employee is entitled to
be provided rest and meal periods when he or she works more than five hours per day—therefore,
28  a full-time employee could technically have missed rest or meal periods six or more days per
week.

1   March 21, 2004; **1053** between March 21, 2004 and March 21, 2005; **1068** between

2   March 21, 2005 and March 21, 2006; and **1024** between March 21, 2006 and March 21,

3   2007.[3] Alther Decl. at ¶ 4.

4       17.   The weighted average hourly wage for Defendants' full-time non-exempt

5   California employees in the retail division, based on calculating the number of employees

6   in each job classification times the corresponding average wage for each classification,

7   totaling the multiplied wages, and dividing by the number of total employees is as

8   follows: (a) between March 21, 2003 and March 21, 2004 -- **$12.85**; (b) between March

9   21, 2004 and March 21, 2005 -- **$13.23**; (c) between March 21, 2005 and March 21, 2006

10  -- **$13.25**; and (d) between March 21, 2006 and March 21, 2007 -- **$13.45**. Alther Decl. at

11  ¶ 5 & n.1.

12      18.   In the retail division, **256** full-time non-exempt California employees

13  separated from Defendant, voluntarily or involuntarily, between March 21, 2003 and

14  March 21, 2004; **292** between March 21, 2004 and March 21, 2005; **347** between March

15  21, 2005 and March 21, 2006; and **332** between March 21, 2006 and March 21, 2007.

16  Alther Decl. at ¶ 6.

17      19.   Plaintiffs allege that Defendants violated California Labor Codes §§ 512 and

18  226.7 by failing to provide required uninterrupted meal or rest periods. Complaint

19  at ¶¶ 21, 52-61. Plaintiffs allege that Defendants failure to do so was "part of a statewide

20  and/or nationwide corporate plan and scheme which affected all employees who worked

21  in Company-owned stores." Complaint at ¶ 21 (emphasis added). Plaintiffs allege

22  broadly that "[a]t all material times" Defendants failed to provide "uninterrupted rest

23  periods of not less than ten (10) minutes as required," as well as the required meal periods,

24  based on being understaffed. Complaint at ¶¶ 54, 59.

25

26  [3] Defendants do not attest that every employee was employed during the entire period. However, in order to facilitate calculation without breaking down individual employees and their dates of

27  employment, Defendants assume for purposes of these calculations that because the numbers stay relatively constant over time, departing employees during the middle of each period are replaced

28  by new employees.

1

2

3

4

> [S]tores were understaffed which required [Plaintiffs] to work through their breaks. OFFICEMAX stores were too busy for the number of employees working and as a result, [Plaintiffs] were required to forgo their breaks entirely or perform work during their break time. [Plaintiffs'] breaks were *routinely* interrupted because of the busy nature of the stores, and the understaffed work force.

5    Complaint at ¶ 54, at lines 16-20 (emphasis added); ¶ 59, at lines 20-26 (emphasis added).

6        20.    According to California Labor Code Section 226.7, an employee is entitled

7    to one hour of pay for *each* day he or she is denied an uninterrupted meal or rest period.

8    The applicable statute of limitations for failure to provide such a meal or rest period is

9    three years pursuant to California Code Civil Procedure ¶ 338. *See Murphy v. Kenneth*

10   *Cole*, --- Cal.Rptr.3d ----, 2007 WL 1111233, at *3-11 (April 16, 2007).

11       21.    Pursuant to California Labor Code § 226.7, if – during the period between

12   March 21, 2004 and March 21, 2005 the **1053** full-time non-exempt California retail

13   workers employed during that period, minus the **292** retail employees who were

14   terminated during that period (**761**) missed one rest or meal period per day as Plaintiffs

15   allege, Plaintiffs would be entitled to **$2,617,687.80** (761 employees X the average

16   weighed wage of $13.23 X 52 weeks X five days per week). *See* Alther Decl. at ¶¶ 4-6.

17   Between March 21, 2005 and March 21, 2006, if **1068** full-time non-exempt California

18   retail workers employed during that period, minus the **347** retail employees who were

19   terminated during that period (**721**), missed one meal or rest period as Plaintiffs allege,

20   Plaintiffs would be entitled to **$2,483,845** (721 X the average weighted wage of $13.25 X

21   52 weeks X five days per week). *See id.* Between March 21, 2006 and March 21, 2007, if

22   the **1024** full-time non-exempt California retail workers employed during that period,

23   minus the **332** retail employees who were terminated during that period (**692**), missed one

24   meal or rest period as Plaintiffs allege, Plaintiffs would be entitled to **$2,419,924** (692 X

25   the average weighted wage of $13.45 X 52 weeks X five days per week). *See id.*

26   Therefore, for the three years prior to Plaintiffs filing suit on March 21, 2007, and based

27   solely on the alleged pattern and practice of denying daily meal and/or uninterrupted rest

28

1  periods, for solely the full-time employees in the retail division, Plaintiffs have put in

2  controversy **$7,521,456.80, more than one-and-one-half times the required amount**.

3      22.    Plaintiffs also allege that Defendant failed to pay departing employees all of

4  their wages on a timely basis as required by California Labor Code §§ 201,202, and 208.

5  Complaint at ¶¶ 62-65. Indeed, Plaintiffs allege that "OfficeMax had a policy and practice

6  which required its employees who separated from employment to wait until the 'next

7  payroll cycle' to receive his or her accrued wages." Complaint at ¶ 63, at lines 23-25

8  (emphasis added).

9      23.    Pursuant to California Labor Code § 203, for each failure to pay an

10  employee all wages owed at the time of departure, the employee is entitled to wages for

11  *each day* the wages are withheld after separation, up to 30 days, subject to a three year

12  statute of limitations. *See* California Code Civil Procedure ¶ 338(a); *Mamika v. Barca*, 68

13  Cal. App. 4th 487, 492-94, 80 Cal.Rptr.2d 175 (1998). Based on Plaintiffs' sweeping

14  allegation that Defendants had policy and practice of forcing departing employees to wait

15  until the next payroll cycle to receive all accrued wages, and based on the bi-weekly pay

16  period utilized by Defendants, departing employees would be entitled to *at least* two

17  weeks of wages as a waiting time penalty. *See* Complaint at ¶ 63; Alther Decl. at ¶ 7.

18  Further, Defendants assume that each employee terminated in a given year worked at least

19  one day during that year, as they appear on Defendants' personnel roster for the particular

20  year. Therefore, the **292** full-time non-exempt California retail employees who separated

21  from OfficeMax between March 21, 2004 and March 21, 2005 would be entitled to

22  **$432,673.92** in waiting penalties (292 employees X two weeks X seven days per week X

23  the average weighted wage of $13.23 per hour X eight hours). *See* Alther Decl. at ¶¶ 5-7.

24  The **347** full-time non-exempt retail employees who separated from Defendants between

25  March 21, 2005 and March 21, 2006 would be entitled to **$514,948** (347 employees X two

26  weeks X seven days per week X the average weighted wage of $13.25 per hour X eight

27  hours). *See id.* The **332** full-time non-exempt California retail employees who separated

28  from OfficeMax between March 21, 2006 and March 21, 2007, would be entitled to

1    **$500,124.8** (332 employees X two weeks X seven days per week X the average weighted

2    wage of $13.45 per hour X eight hours). *See id.* Therefore, the alleged waiting penalties

3    that Plaintiffs have put in controversy for the last three years is at least **$1,447,746.72** for

4    the full-time non-exempt retail employees alone. Further, based on Plaintiffs' sweeping

5    policy and practice allegations and their assertion that they are due "late-pay wages for up

6    to 30 days," Complaint at ¶ 65, they have likely put in controversy waiting time penalties

7    for the entire thirty-day statutory period, creating an amount in controversy for waiting

8    penalties of over two times the above-referenced figure (again, for the full-time retail

9    employees alone).

10    24.    Plaintiffs also allege a violation of California Labor Code § 558. Complaint

11    at ¶ 38. For every violation of the California Labor Code or Order of the Industrial

12    Welfare Commission, Section 558 provides an additional penalty of $50 for the first

13    violation for an employee during a pay period, and $100 for each additional violation

14    during each subsequent pay period for each employee. Cal. Labor Code § 558(a)(1), (2).

15    Section 558 provides for a "civil penalty" subject to a one year statute of limitations. *See*

16    Cal. Labor Code § 558(a); Cal. Code Civ. Proc. § 340(a).

17    25.    Plaintiffs allege a pattern or practice of violations of the California Labor

18    Code and Industrial Welfare Commission Orders. For example, the Complaint alleges

19    that:

20    OFFICEMAX has a policy and/or practice of not recording all
      time worked by its hourly employees. OFFICEMAX
21    maintains a policy and/or practice of not timely compensating
      its employees appropriately for all time worked, overtime,
22    regular time, meal and rest periods, and work spent at
      OfficeMax stores. Further, OFFICEMAX's policy and
23    practice systematically reduces the daily time recorded by its
      hourly employees. Additionally, OFFICEMAX's policy
24    and/or practice circumvents California's employment laws
      designed to protect employee working conditions.
25
      Complaint at ¶ 35, at lines 18-22 (emphasis added). Likewise, Plaintiffs allege that:
26
      At all material times herein, OFFICEMAX had a policy and
27    practice encouraging and requiring employees to clock out,
      and yet remain working for OFFICEMAX in excess of the
28    maximum statutory hours per day and/or per week, thereby

> depriving employees of mandated overtime pay.
> OFFICEMAX also had a <u>company policy and practice</u> of
> requiring 'approval' for overtime which was so rigorous,
> stringent, and intimidating, that it resulted in employees
> working overtime without receiving premium pay as required
> by law.

Complaint at ¶ 40, at lines 25-2 (emphasis added). Further:

> OFFICEMAX fostered a work environment which required
> employees to work while not clocked in, commonly known as
> working "Off-The-Clock." Additionally, OFFICEMAX failed
> to provide [Plaintiffs] with accurate time records and earnings
> statements as required . . .

Complaint at ¶ 48, at lines 11-14.

26.    Assuming Plaintiffs would be entitled to recover penalties from Defendants under California Labor Code § 558 for <u>any such violation</u>, and assuming such recovery would be limited by a one-year statute of limitations, the most current year (March 21, 2006 to March 21, 2007) of the Plaintiff class must be examined. Because all California retail employees were paid every two weeks, there are 26 total pay periods during the year. *See* Alther at ¶ 7. Based on Plaintiffs' broad allegations, every employee would certainly have at least one violation per pay period that each employee worked. Therefore, based on the number of full-time retail employees employed in California during the one-year statute of limitations from March 21, 2006 to March 21, 2007 (1024 employees) minus the number of full-time retail employees in California who were terminated during that period (332), Plaintiffs would be entitled to an additional amount of **$1,764,600** ($50 X one pay period X 692 employees = $34,600) + ($100 X 25 pay periods X 692 employees = $1,730,000). *See id.* ¶¶ 4,7. Additionally, Defendants' assume that because employees were terminated at a steady rate throughout the year, they worked, on average, half the time or 13 pay periods. Therefore, based on the 332 full-time retail California employees terminated during the time period who worked on average of 13 pay periods, Plaintiffs would also be entitled to **$415,000** (332 X $50 X one pay period = $16,600) + (332 X 100 X 12 pay periods = $398,400). Therefore, the amount of

1    Section 558 penalties put controversy for <u>solely</u> full-time retail employees in California is

2    approximately **$2,179,600.**

3        27.    Plaintiffs also allege violations of the Business and Professions Code

4    § 17200, *et seq.* That provision assertedly entitles Plaintiffs to an additional year of

5    violations under Section 226.7—for the period March 21, 2003-March 21, 2004. *See*

6    *Murphy,* 2007 WL 1111233, at *10; *Cortez v. Purolator Air Filtration Prods Co.*, 23 Cal.4th

7    163, 168-69, 177-79, 96 Cal.Rptr.2d 518, 999 P.2d 706 (2000); Cal. Bus & Labor Code §

8    17208. That amount for solely the full-time retail employees puts in controversy another

9    **$2,585,934** ((1030 employees minus 256 employees terminated during the time period =

10    774) X the average weighted wage of $12.85 per hour X 52 weeks X five days per week)).

11    *See* Alther Decl. at ¶¶ 4-6.

12        28.    Therefore, the total amount in controversy based on the pattern and practice

13    of violations alleged, including (1) the rest and meal period compensation under Section

14    226.7 during the three year statute of limitations ($7,521,456.8), (2) the waiting time

15    penalties under Section 203 during the three year statute of limitations ($1,447,746.72),

16    (3) the Section 558 penalties during the last class year based on the one-year statute of

17    limitations ($2,179,600), and (4) the additional year of missed meal and rest period

18    compensation based on the extension of the statute of limitations under California

19    Business and Professions Code § 17200, *et seq.* ($2,585,934), equals: **$13,734,737.52** --

20    more than twice the amount required to be put in controversy and which is based on only

21    four of Plaintiffs' claims using numbers for only <u>retail</u> <u>full-time</u> <u>California</u> employees.

22        29.    Even if plaintiffs alleged the violations occurred only half the time, still

23    more than the required $5,000,000 is put in controversy--**$8,681,042.12** ($3,760,728.4 in

24    Section 226.7 damages (the above rest/meal period calculation, $7,521,456.8, divided by

25    two), + $1,447,746.72 in Section 203 penalties (which is based on the delay in paying

26    departing employees rather than the frequency of rest and meal period violations) +

27    $2,179,600 in Section 558 penalties (based on only one violation per pay period or two

28    weeks), + $1,292,967 damages under the California Business and Labor Code § 17200

1    (half of the $2,585,934 in meal and rest period violations calculated above for the March
2    21, 2003 to March 21, 2004). Again, this number is based on less frequent violations than
3    plaintiffs could in good faith allege while maintaining that a class exists, that a pattern and
4    practice exists, and that violations occur routinely based on Office Max policy.
5    Additionally, these amounts are based solely on the limited population comprising Office
6    Max's full-time retail employees, and do not consider Plaintiffs' many other damage
7    claims, such as wages allegedly due for so-called "off the clock" work or the claimed
8    "damages" under Cal. Civ. Code, section 52.1(b). Consideration of Plaintiffs' additional
9    claims, and Office Max's additional part-time California retail, and full and part-time
10   contract division employees would drive the amount in controversy far higher.

11       30.    Defendants have put forth more than sufficient evidence to find an amount
12   exceeding $5,000,000 is in controversy based on plaintiffs' claims for missed meal and
13   rest periods, untimely wages at discharge, Section 558 violations, and violations of the
14   California Business and Labor Code § 17200. Indeed, in a case pending in the United
15   States District Court for the Central District of California in the Southern Division, in
16   which plaintiffs allege on behalf of a virtually identical class substantially similar facts
17   and claims of missed rest and meal periods, waiting time penalties, California Labor Code
18   § 558 penalties, and violations of the California Business & Professions Code § 17200, *et
19   seq.*, plaintiffs *expressly plead damages in excess of $10,000,000.* A copy of the
20   complaint in *Gonzalez v. OfficeMax North America, Inc.*, Cause No. 07CC01228 (Filed
21   Mar. 16, 2007), is attached as Exhibit C.

22       31.    Further, these damage calculations are in addition to the punitive damages
23   requested, Complaint at ¶ 65, as well as the damages for Plaintiffs' additional claims that
24   defendants failed to pay Plaintiffs (1) for all time worked, (2) for overtime hours worked
25   but not recorded, and (3) minimum wages. Complaint at ¶¶ 34-51.

26       32.    Finally, Plaintiffs have also sought attorneys' fees pursuant to the
27   Californian Labor Code. Where, as here, attorneys' fees are recoverable under the
28   applicable state statute, reasonable attorneys' fees are properly included in the amount in

57187-0042/LEGAL13190115.3                    -12-                    NOTICE OF REMOVAL

1  controversy. *Lowdermilk*, 479 F.3d at 1000; *Frazier v. Pioneer Americas LLC*, 455 F.3d

2  542, 545 (5th Cir. 2006); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)),

3  *cert. denied by*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-

4  56 (9th Cir. 1998).

5  33.  Based on the above allegations, Defendants have established by a

6  preponderance of the evidence an amount in controversy greater than $5,000,000.

7  **Size of the Proposed Class**

8  34.  Plaintiffs allege that "[b]ased on information and belief, the members of the

9  class may exceed thousands of persons, and that number may increase depending upon

10  employee turnover." Complaint at ¶ 18. Additionally, Plaintiffs allege that "[o]ver the

11  statutory period, the total number of [putative class members] equates to hundreds of

12  employees per store, and based on information and belief, the number of putative class

13  members may exceed 20,000 to 25,000 persons." Complaint at ¶ 28. As alleged by

14  Plaintiffs, the proposed class therefore includes 100 or more individuals. Accordingly, 28

15  U.S.C. § 1332(d)(5)(B), which provides that the district courts shall not have jurisdiction

16  over class actions in which "the number of members of all proposed plaintiff classes in the

17  aggregate is less than 100," does not preclude jurisdiction over this action.

18  35.  Accordingly, all of the requirements for federal jurisdiction under 28 U.S.C.

19  § 1332(d)(2) are satisfied, and removal of this action is proper under 28 U.S.C. §§ 1441,

20  1446, and 1453.

21  **VENUE**

22  36.  Pursuant to 28 U.S.C. § 1441(a), 1446(a), and 1453(b), any action over

23  which the district court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) may be

24  removed to the Federal District Court for the district and division within which such

25  action is pending. The action being removed was filed and is pending in the California

26  Superior Court of the County of Alameda. Accordingly, this Notice of Removal is

27  properly filed in the United States District Court for the Northern District of California.

28

1 **NOTICE OF REMOVAL**

2     37.    Pursuant to 28 U.S.C. § 1446(d), OfficeMax will promptly serve on

3 Plaintiffs and file with the Superior Court a "Notice to Adverse Party of Removal to

4 Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), OfficeMax will also

5 file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to

6 Federal Court."

7

8     WHEREFORE, OfficeMax respectfully requests that the above referenced State

9 court action be removed to this Court, that this Court take such steps as are necessary to

10 achieve the removal of this matter from the Alameda County Superior Court, and that this

11 Court make such other orders as may be appropriate to effect the preparation and filing of

12 a true record in this cause of all proceedings that may have been had in the state court

13 action.

14

15 DATED: May 3, 2007                            PERKINS COIE LLP

16                                              By:
                                                    William P. Kannow
17                                              Attorneys for Defendants
                                                OFFICEMAX INCORPORATED and
18                                              OFFICEMAX NORTH AMERICA, INC.

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

MAR-21-07  10:17  From:KRUTCIK & GEORGGIN    ~~~-367-    ~7    T-085  P.04    Job-595

SUM-100

**SUMMONS**
**(CITACION JUDICIAL)**

©COPY

4/3/07
2:30pm

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
FILED
ALAMEDA COUNTY

2007 MAR 21  PM 12: 53

CLERK OF THE SUPERIOR COURT
BY ALPHONSINE OATES

LEGAL DEPARTMENT

APR 0 5 2007

LITIGATION

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
~~~~~~~~~~~~~~~~~~~~, OFFICEMAX, INC. fka BOISE
CASCADE CORPORATION,, a Delaware corporation, BOISE OFFICE
SOLUTIONS, corporate form unknown, and DOES 1 through 500, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
WILLIAM MINTER, JR., individually, and on behalf of all those
similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
|---|---|
| (El nombre y dirección de la corte es): | R G 0 7 3 1 6 7 9 8 |

SUPERIOUR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
1225 Fallon St.
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

A. Nicholas Georggin (Bar # 170925)          Phone No. (949) 367-8590
KRUTCIK & GEORGGIN                            Fax No.  (949) 367-8597
26021 Acero, Mission Viejo, CA 92691

DATE:                           Clerk, by _____ , Deputy
(Fecha)  MAR 2 1 2007          (Secretario)              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify):  *Office Max , Inc., a Delaware Corporation*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

FROM JJOC COURT DEPT. 714 963-2840    (WED)MAR 21 2007 9:38/ST. 9:36/No. 6808570732 P 4

·MAR-21-07  10:18  From:KRUTCIK & GEORGGIN                    949-367-8597

ORIGINAL

1 | James A. Krutcik, Esq. (SBN 140550)
A. Nicholas Georggin, Esq. (SBN 170925)
2 | Steven D. Sperling, Esq. (SBN 188709)
**KRUTCIK & GEORGGIN**
3 | 26021 Acero
Mission Viejo, CA 92691
4 | (949) 367-8590;    (949) 367-8597 FAX

5 | Attorneys for Plaintiffs

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF ALAMEDA**

10

11 | WILLIAM MINTER, JR., individually; ) CASE NO.         G 0 7 3 1 6 7 9 3
and on behalf of all those similarly ) Judge:
12 | situated, ) Complaint Filed:
)
13 |                    Plaintiffs, ) **PLAINTIFF'S CLASS ACTION COMPLAINT**
) **FOR:**
14 | vs. )
) **(1)  FAILURE TO PAY WAGES FOR ALL**
15 |                                      )       **TIME WORKED;**
OFFICEMAX, INC., a Delaware ) **(2)  FAILURE TO PAY ALL OVERTIME**
16 | corporation; OFFICEMAX, INC. fka )       **WAGES;**
BOISE CASCADE CORPORATION., a ) **(3)  FAILURE TO PAY MINIMUM WAGES;**
17 | Delaware corporation; BOISE OFFICE ) **(4)  FAILURE TO PROVIDE REST BREAKS;**
SOLUTIONS, corporate form unknown; ) **(5)  FAILURE TO PROVIDE MEAL PERIODS;**
18 | and, DOES 1 through 500, inclusive, ) **(6)  LATE PAYMENT OF ALL ACCRUED**
)       **WAGES AND COMPENSATION;**
19 |                                      ) **(7)  UNFAIR BUSINESS PRACTICES -**
                   Defendants.           )       **PURSUANT TO BUSINESS &**
20 |                                      )       **PROFESSIONS CODE SECTION 17200 et**
)       **seq.;**
21 |                                      ) **(8)  CONVERSION OF ACCRUED WAGES**
)       **AND COMPENSATION; and**
22 |                                      ) **(9)  VIOLATION OF CIVIL CODE SECTION**
)       **52.1.**
23 |                                      )
) [*Labor Code* §§ 200, 201, 202, 203, 204, 208, 210, 216,
24 |                                      ) 218.5, 218.6, 225.5, 226, 226.3, 226.7(a)(b), 2926,
) 2927, 500, 510, 512, 516, 558, 1174, 1174.5, 1194,
25 |                                      ) 1194.2, 1197, 1197.1, 1198, IWC Wage Order 4-2001
) and 7-2001, *Bus. & Prof.* Code § 17200, et seq., *Civ.*
26 |                                      ) *Code* §§ 52 & 52.1, *Code of Civ. Proc.* § 382, Cal.
) Rules of Court, rule 3.760, et seq.]
27 |                                      )
                                          ) **JURY TRIAL DEMANDED**
28 | ///

1    O n behalf of himself, on behalf of former and current aggrieved employees of Defendants, and
2  on behalf of the general public, WILLIAM MINTER, JR., (hereinafter "PLAINTIFFS" or "WAGE-
3  EARNERS"), complains and alleges as follows:

4

5                                          I.

6                    **PRELIMINARY STATEMENT/SUMMARY OF ACTION**

7    1.    WAGE-EARNERS file this action to recover wages and related sums including but not
8  limited to, overdue and unpaid earned wages, overtime wages, minimum wages, statutory wages, and
9  associated civil penalties for all present and former employees of Defendants, OFFICEMAX, INC., a
10 Delaware corporation; OFFICEMAX, INC. fka BOISE CASCADE CORPORATION., a Delaware
11 corporation; BOISE OFFICE SOLUTIONS, corporate form unknown; and DOES 1 through 500, inclusive
12 (hereinafter collectively referred to herein as "OFFICEMAX" or "DEFENDANTS"). WAGE-EARNERS
13 file this action to seek redress of wage/hour violations on behalf of those California employees who
14 worked for OFFICEMAX and were classified as hourly, non-exempt employees in the State of California
15 within the applicable statutory period.

16   2.    OFFICEMAX is one of the largest retail store chains engaged in the sale and distribution
17 of office equipment and accessories in the United States and abroad. OFFICEMAX employs over 40,000
18 associates in over 100 state-of-the-art superstores in California and the Western United States and has
19 annual revenues in excess of $8 billion. OFFICEMAX touts a customer base of some 5 million customers
20 per year. PLAINTIFFS allege that OFFICEMAX is one of the largest office equipment and accessories
21 company with large revenues because OFFICEMAX engages in shrewd and illegal business practices
22 which exploits its work force by requiring WAGE-EARNERS to work long hours without proper pay,
23 without proper rest breaks and/or meal periods, and under illegal/improper working conditions.
24 OFFICEMAX intentionally understaffs its stores so that employees are forced to work long hours, without
25 proper compensation and without proper rest breaks and/or meal periods. In furtherance of its unfair and
26 unlawful business activities, OFFICEMAX coerces and intimidates its managerial and non-managerial
27 workforce into complying with its illegal practices, policies and procedures and deprives them of their
28 statutory rights relating to working hours and the payment of wages.

2

PLD1A. Complaint.wpd                                          Plaintiff's Complaint for Wage & Hour Violations

1      3.    WAGE-EARNERS have not been paid all wages when due under California law. WAGE-

2 EARNERS, pursuant to California's strong policy of assuring prompt and accurate payment of earned

3 wages, seek further appropriate recoveries, of all sums owed and due to WAGE-EARNERS including but

4 not limited to liquidated damages, punitive damages, costs of suit, attorneys' fees, interest, and other relief

5 the Court deems appropriate.

6      4.    OFFICEMAX, as described more fully herein, does not comply with California wage and

7 hour law, as it relates to paying employees, providing breaks, monitoring working conditions, and

8 performing other obligations, according to California's statutory labor scheme. OFFICEMAX fails to pay

9 its employees properly, fails to give accurate wage statements, and fails to regulate working hours by

10 providing proper rest breaks and/or meal periods. OFFICEMAX also requires its employees to work in

11 excess of 8 hours per day and/or 40 hours per week, without compensating its employees at the premium

12 "overtime" rate(s) of pay required by California law.

13      5.    By forcing employees to work overtime without proper pay, OFFICEMAX violated

14 California law, and reaped increased, albeit illegal, profits through the use of such unlawful/prohibited

15 activity.

16      6.    OFFICEMAX failed and continues to fail to pay WAGE-EARNERS, and other employees

17 whose employment has ended (either by termination or voluntarily), all earned wages and all incurred

18 expenses when required by California Labor Code sections 201, 202, 203, 210, 2802, 2926 and 2927, and

19 IWC Wage Orders, including but not limited to, 4-2001 and 7-2001, entitling WAGE-EARNERS and all

20 other similarly situated former employees in the class to unpaid/lost wages, overtime, premium pay,

21 statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as authorized by

22 California law.  By virtue of DEFENDANTS' practices set forth herein, DEFENDANTS violated

23 California law, exploited its work force, and reaped illegal profits.

24

25                             **II.**

26                         **PARTIES**

27      7.    WAGE-EARNERS, current and former employees of OFFICEMAX within the statutory

28 period, allege the following information about the parties to the case.

3

PLDIA Complaint.wpd                                   Plaintiff's Complaint for Wage & Hour Violations

MAR-21-07 10:15 From:KRUTCIK & GEORGGIN          949-367-8597          T-065 P.08/29 Job-595

1        8.       WAGE-EARNERS are, and at all relevant times referenced herein, present and/or former

2  residents and/or workers within the State of California.  WAGE-EARNERS are current and/or former

3  employees of Defendants, OFFICEMAX, INC., a Delaware corporation; OFFICEMAX, INC. fka BOISE

4  CASCADE CORPORATION., a Delaware corporation; BOISE OFFICE SOLUTIONS, corporate form

5  unknown; and DOES 1 through 500, inclusive.  WAGE-EARNERS are/were employed by OFFICEMAX

6  in California during the applicable statute of limitations period, and/or terminated their employ within said

7  time.

8        9.       WAGE-EARNERS allege, upon information and belief, that Defendant, OFFICEMAX,

9  INC., is, at all times referenced herein, a Delaware corporation authorized to, and doing business in the

10  State of California.

11        10.      WAGE-EARNERS allege, upon information and belief, that Defendant, OFFICE MAX,

12  INC. fka BOISE CASCADE CORPORATION, is, at all times referenced herein, a Delaware corporation

13  authorized to, and doing business in the State of California.

14        11.      WAGE-EARNERS allege, upon information and belief, that Defendant, BOISE OFFICE

15  SOLUTIONS is, at all times referenced herein, a corporate form unknown, and doing business in the State

16  of California.

17        12.      WAGE-EARNERS allege that Defendants, OFFICEMAX, INC., a Delaware corporation;

18  OFFICEMAX, INC. fka BOISE CASCADE CORPORATION., a Delaware corporation; BOISE OFFICE

19  SOLUTIONS, corporate form unknown; and DOES 1 through 500 inclusive, acted together in committing

20  the violations of the California Labor Code, Wage Orders, and other laws/regulations alleged herein.

21        13.      WAGE-EARNERS bring this action individually, as a representative action, and on behalf

22  of a class consisting of similarly situated current and former employees of OFFICEMAX who currently

23  and/or formerly work/worked in the State of California, and on behalf of the general public.

24        14.      The true names and capacities of DEFENDANTS, DOES 1-500, inclusive, are presently

25  unknown to WAGE-EARNERS, who therefore sue said DEFENDANTS by such fictitious names.

26  WAGE-EARNERS will seek leave of court to amend this Complaint to insert the true names and

27  capacities of said fictitiously named DEFENDANTS when the same have been ascertained.

28  ///

PLDIA, Complaint.wpd                      4                    Plaintiff's Complaint for Wage & Hour Violation

(WED)MAR 21 2007 9:40/ST. 9:36/No. 6808570732 P 8          FROM JJOC COURT DEPT. 714 953-2840

1      15.    WAGE-EARNERS are informed and believe, and thereon allege, that at all relevant times

2  herein mentioned, each of the DEFENDANTS was the agent, representative, principal, servant, employee,

3  partner, alter ego, joint venture, successor-in-interest, assistant, and/or consultant of each and every

4  remaining DEFENDANT, and as such, was at all times acting within the course, scope, purpose and

5  authority of said agency, partnership and/or employment, and with the express or implied knowledge,

6  permission, authority, approval, ratification and consent of the remaining DEFENDANTS, and each

7  DEFENDANT was responsible for the acts alleged herein, were "employers" as set forth by California

8  and other applicable law, and all DEFENDANTS herein were also negligent and reckless in the selection,

9  hiring, and supervision of each and every other DEFENDANT as an agent, representative, principal,

10  servant, employee, partner, alter ego, joint venturer, successor-in-interest, assistant, and/or consultant.

11

12                                    **III.**

13                      **JURISDICTION AND VENUE**

14      16.    PLAINTIFFS allege, upon information and belief, that the OFFICEMAX Defendants are,

15  at all times referenced herein, Delaware corporations authorized to and doing business in the State of

16  California. This Court is the proper Court, and this action is properly filed in this County because

17  OFFICEMAX maintains offices and transacts business within the County of Alameda, during the relevant

18  statutory period. Also, WAGE-EARNERS were employed by OFFICEMAX in the State of California.

19      17.    WAGE-EARNERS disclaim any cause of action arising under the Constitution, treaties

20  or other laws of the United States, including but not limited to any claim arising from an act or omission

21  on a Federal enclave or by any officer of the United States or any agent or person acting on behalf of such

22  individual. No claim under an admiralty or maritime law is alleged. To the extent this paragraph conflicts

23  with any other allegations herein, this paragraph controls.

24

25                                      **IV.**

26                    **COMMON ALLEGATIONS**

27      18.    As set forth in detail herein, WAGE-EARNERS file this action pursuant to California wage

28  and hour case/statutory law, IWC Wage Orders, California Business and Professions Code sections 17200,

PLDIA. Complaint.wpd

laintiff's Complaint for Wage & Hour Violations

MAR-21-07  10:20  From:KRUTCIK & GEORGGIN          949-367-8597          T-065  P.10/29  Job-595

1   et. seq., and the provisions of California Law relating to Class Action joinder, including but not limited
2   to, Code of Civil Procedure section 382 and California Rules of Court, rule 3.760, et seq. Common
3   questions of fact and law exist as to all class members and predominate over any questions that affect only
4   individual class members. The conduct at issue in this case affected WAGE-EARNERS and all putative
5   class members. Based on information and belief, the members of the class may exceed thousands of
6   persons, and that number may increase depending upon employee turnover.

7       19.    WILLIAM MINTER, JR. and those similarly situated current and former employees of
8   OFFICEMAX, were hired at various non-exempt hourly positions during their employment with
9   OFFICEMAX. WAGE-EARNERS work/worked at retail locations throughout the State of California.
10  WAGE-EARNERS worked for OFFICEMAX during the applicable statute of limitations period, and/or
11  terminated their employ within said time.

12      20.    OFFICEMAX failed to properly compensate its employees for all hours worked, and failed
13  to comply with overtime compensation requirements. OFFICEMAX failed to provide WAGE-EARNERS
14  rest breaks and/or meal periods as required by California law. WAGE-EARNERS worked for
15  OFFICEMAX and are owed wages. WAGE-EARNERS were exploited and required/forced to work
16  without pay and "Off-the-Clock" (hereinafter, the practice of making employees work while
17  circumventing time-clock documentation will be referred to as "Off-the-Clock"). OFFICEMAX's practice
18  of working employees Off-the-Clock permitted OFFICEMAX to exploit its employees by receiving labor,
19  and then not paying employees for all hours worked. When WAGE-EARNERS' employment was
20  terminated with OFFICEMAX, OFFICEMAX also failed to make immediate payment of all wages due
21  as required by California law.

22      21.    OFFICEMAX's actions in failing to provide rest breaks and/or meal periods, wages for all
23  time worked, statutory overtime wages, Off-the-Clock wages, and all accrued pay, when they were due
24  upon termination of employment, was in violation of California law, and was willful. OFFICEMAX's
25  actions, detailed above, were part of a statewide and/or nationwide corporate plan and scheme which
26  affected all employees who worked in Company-owned stores. As a direct and proximate result of
27  OFFICEMAX's illegal, company-wide plan, practice and scheme, each of the WAGE-EARNERS were:
28  (1) required to work overtime without "overtime" and/or "premium" pay; (2) not paid wages for all hours

6

01 d 28L0L58088 :oN/9E:6  T00Z TZ RAW(DEW)          FROM JJOC COURT DEPT. 714 963-2840

1  worked; (3) required to work through mandatory rest breaks and/or meal periods; (4) not properly paid
2  for all hours worked and required to work Off-the-Clock without compensation; (5) not paid all wages
3  due upon termination of employment; (6) victimized by OFFICEMAX's coercive and intimidating
4  policies and practices are set forth herein. WAGE-EARNERS are entitled to recover unpaid/lost wages,
5  overtime wages, premium pay, statutory wages and related sums, civil penalties, attorneys' fees and costs,
6  and interest as authorized by California law.

7       22.     While WAGE-EARNERS were employed at OFFICEMAX, OFFICEMAX required
8  WAGE-EARNERS to work in excess of 8 hours per day and/or 40 hours per week, without compensating
9  its employees at the premium rate(s) of pay required by California law, including but not limited to, Labor
10  Code sections 500, 510, 1194, 1198, 2926 and 2927, and applicable IWC wage orders.  This work
11  includes Off-the-Clock work as well as work performed before, during and after regular business hours.
12  By forcing employees to work overtime without proper "premium" pay, OFFICEMAX violated the
13  overtime rate requirements as mandated by California law.

14       23.     While WAGE-EARNERS were employed at OFFICEMAX, OFFICEMAX required its
15  employees to work hours for which it did not compensate them at the minimum rate of pay for all hours
16  worked when those wages were due.  In so doing, OFFICEMAX violated the requirements of California
17  law including, but not limited to, California Labor Code sections 1197, 2926 and 2927, and applicable
18  IWC wage orders.

19       24.     OFFICEMAX also failed to give their employees appropriate rest and meal periods as
20  required by California law, including but not limited to, California Labor Code sections 226.7, 516, 2926,
21  2927, and applicable IWC wage orders.

22       25.     OFFICEMAX failed to pay WAGE-EARNERS and other employees whose employment
23  has ended, either by termination or voluntary resignation, all earned wages when required by California
24  Labor Code sections 201, 202 , 203, 210, 2802, 2926 and 2927, and applicable IWC wage orders, entitling
25  WAGE-EARNERS to statutory late-pay wages, related sums, civil penalties, attorneys' fees and costs,
26  and interest as authorized by California law.

27  ///
28  ///

---
7

# V.

## CLASS ACTION ALLEGATIONS

### (C.C.P. § 382, Cal. Rules of Court, rule 3.760, et seq.)

26.     WAGE-EARNERS seek class certification pursuant to California wage and hour case/statutory law, IWC wage orders including but not limited to, 4-2001 and 7-2001, and the provisions of California Law relating to Class Action joinder, including but not limited to, Code of Civil Procedure section 382 and California Rules of Court, rule 3.760, et seq., as set forth below.

27.     **DEFINITION OF CLASS** - All those hourly, non-exempt WAGE-EARNERS, who worked for OFFICEMAX in the State of California within the applicable statutory period, and who were not paid all wages when due, seek class certification pursuant to California wage and hour case/statutory law, IWC Wage Orders, including but not limited to, 4-2001 and 7-2001, and the provisions of California Law relating to Class Action joinder, including but not limited to, Code of Civil Procedure section 382 and California Rules of Court, rule 3.760, et seq, in conjunction with the following subclasses:

a.     **UNPAID WAGES SUBCLASS** - All those hourly, non-exempt WAGE-EARNERS, who worked for OFFICEMAX in the State of California within the applicable statutory period, and were not paid all their wages earned, who were not provided accurate wage statements, and who have wage amounts that remain due and unpaid.

b.     **OVERTIME SUBCLASS** - All those hourly, non-exempt WAGE-EARNERS, who worked for OFFICEMAX in the State of California within the applicable statutory period, and were not paid at the applicable premium rate of pay for all hours worked in excess of the statutory maximum hours per day, and in excess of the statutory maximum hours per week, who were not provided accurate wage statements, and who have overtime wage amounts that remain due and unpaid.

c.     **MINIMUM WAGE SUBCLASS** - All those hourly, non-exempt WAGE-EARNERS, who worked for OFFICEMAX in the State of California within the applicable statutory period, and whose wages for all hours worked were paid at a rate less than the minimum wage rate then in effect, not paid for "Off-The-Clock" work, who were not provided accurate wage statements, and who have minimum wage amounts that remain due and unpaid.

/ / /

8

1       d.    **UNPAID REST PERIOD SUBCLASS** -All those hourly, non-exempt WAGE-
2  EARNERS, who worked for OFFICEMAX in the State of California within the applicable statutory
3  period, and did not receive required rest periods as required by California law, including but not limited
4  to, Labor Code sections 226.7 and 516, and IWC Wage Orders, including but not limited to, 4-2001 and
5  7-2001, and who have rest period wage amounts that remain due and unpaid.

6       e.    **UNPAID MEAL PERIOD SUBCLASS** - All those hourly, non-exempt WAGE-
7  EARNERS, who worked for OFFICEMAX in the State of California within the applicable statutory
8  period, and who did not receive required meal periods as required by California law, including but not
9  limited to, Labor Code sections 226.7, 512 and 516, and IWC Wage Orders, including but not limited to,
10  4-2001 and 7-2001, who were not provided accurate wage statements, and who have meal period wages
11  that remain due and unpaid.

12       f.    **LATE PAYMENT CLASS** - All those hourly, non-exempt WAGE-EARNERS,
13  who worked for OFFICEMAX in the State of California within the applicable statutory period, and who
14  did not receive all wages when due as required by California law, including but not limited to, California
15  Labor Code sections 201, 202, 203, 208 and 2926.

16      28.    **NUMEROSITY** - OFFICEMAX is one of the largest retail store chains engaged in the
17  sale and distribution of office equipment and accessories in the United States and abroad. Over the
18  statutory period, the total number of WAGE-EARNERS equates to hundreds of employees per store, and
19  based on information and belief, the number of putative class members may exceed 20,000 to 25,000
20  persons. The number of putative class members may increase, depending upon the turnover rate for
21  employees over the applicable statutory period prior to the filing of the Complaint. In light of the above,
22  the above class easily satisfies the numerosity requirement.

23      29.    **COMMON QUESTIONS OF LAW AND FACT** - As set forth herein, common
24  questions of fact and law exist as to all class and subclass members and these common issues predominate
25  over any questions that affect only individual class members, making individual actions impractical. The
26  common illegal conduct/activity of OFFICEMAX at issue in this case relates to overdue and unpaid
27  earned wages, overtime wages, minimum wages, rest breaks and/or meal periods, statutory wages, late
28  pay wages, and civil penalties associated for all present and former employees of OFFICEMAX.

30.  **REPRESENTATION BY WAGE-EARNERS** - As set forth in detail herein, the named Plaintiffs will fairly and adequately represent the class in that:

a.  There is no conflict between the named Plaintiffs' claims and those of other class and subclass members.

b.  The named Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

c.  The named Plaintiffs' claims are typical of the claims of other class and subclass members.

31.  **CERTIFICATION** - As set forth in detail herein, certification of WAGE-EARNERS' claims as a class action pursuant to California Law relating to Class Action joinder (including but not limited to Code of Civil Procedure section 382 and California Rules of Court, rule 3.760, et seq.) is appropriate because common questions of law and fact predominate over questions affecting only individual members.

a.  Common questions of law and fact include, but are not limited to:

i.  Whether WAGE-EARNERS are subject to the protection of California's wage and hour statutes?

ii.  Whether OFFICEMAX failed to pay WAGE-EARNERS for all hours worked?

iii.  Whether OFFICEMAX allowed, suffered, permitted and/or required WAGE-EARNERS to perform work, for which it failed to pay all wages due?

iv.  Whether OFFICEMAX paid WAGE-EARNERS at a rate that was less than the minimum wage rate for all hours worked?

v.  Whether OFFICEMAX failed to compensate WAGE-EARNERS at the applicable premium overtime rate of pay for all hours worked in excess of the statutory maximum hours per day and/or statutory maximum hours per week?

vi.  Whether OFFICEMAX failed to provide WAGE-EARNERS rest breaks and/or meal periods as required by California law?

vii.  Whether OFFICEMAX failed to timely pay WAGE-EARNERS all accrued wages after termination of employment when those wages were due?

///

MAR-21-07  10:23  From:KRUTCIK & GEORGGIN                949-367-8597              T-065  P.16/29  Job-435

viii.   Whether OFFICEMAX is subject to all available remedies for its violations of California wage and hour laws?

ix.   Whether OFFICEMAX failed to keep accurate records of WAGE-EARNERS' hours worked?

x.   Whether OFFICEMAX's conduct constitutes illegal and/or unfair competition pursuant to Unfair Competition Law?

xi.   Whether OFFICEMAX converted the wages of WAGE-EARNERS?

xii.   Whether OFFICEMAX used force, coercion, intimidation, and other unlawful means to deprive WAGE-EARNERS of their statutory rights for the prompt and accurate payment of wages?

b.   The forum is convenient to the parties, class members, and potential witnesses. The class is specifically identifiable to facilitate provisions of adequate notice, and there will be no significant problems managing this case as a class action.

c.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because this action is the best method to adjudicate these common claims. Further the individual class members have minimal interest in controlling the prosecution of separate actions, and the prosecution of individual actions is impractical.

32.   **TYPICALITY** - The claims of the named Plaintiff, WILLIAM MINTER, JR., is typical of the claims of the members of the wage and hour class in that:

a.   The named Plaintiff is a member of the class.

b.   The named Plaintiff's claims stem from the same practice and/or course of conduct that forms the basis of the class claims.

c.   The named Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve the same or similar factual circumstances.

d.   There is no antagonism between the interests of the named Plaintiff and absent class members.

e.   The injuries which the named Plaintiff suffered are the same or similar to the injuries which the class members have suffered.

ROM JJOC COURT DEPT. 714 953-2840          (WED)MAR 21 2007  9:43/ST. 9:36/No. 6809570732 P 15

1      33.    **SUPERIORITY** - A class action is superior to other available means for the fair and

2  efficient adjudication of this controversy since the individual joinder of all class members is impractical.

3  Class action treatment will permit a large number of similarly situated persons to prosecute their common

4  claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and

5  expense that separate individual actions would engender. Individual litigation would overburden the court

6  system and present the potential for inconsistent and/or contradictory judgments. A class action will also

7  serve an important public purpose of enforcing California's wage-protection statutes and ensure the full,

8  prompt, and accurate payment of wages. Further, as the damages suffered by each individual class

9  member may be relatively small, the expense and burden of individual litigation would make it difficult

10  or impossible for individual members of the class to redress the wrongs alleged herein.

11

12                                         **VI.**

13                             **FIRST CAUSE OF ACTION**

14                 **FAILURE TO PAY WAGES FOR ALL TIME WORKED**

15                          **(Alleged against all DEFENDANTS)**

16      34.    WAGE-EARNERS incorporate all of the allegations in this Complaint as though fully set

17  forth herein.

18      35.    OFFICEMAX has a policy and/or practice of not recording all time worked by its hourly

19  employees. OFFICEMAX maintains a policy and/or practice of not timely compensating its hourly

20  employees appropriately for all time worked, overtime, regular time, meal and rest periods, and work

21  spent at OFFICEMAX stores. Further, OFFICEMAX's policy and practice systematically reduces the

22  daily time recorded by its hourly employees. Additionally, OFFICEMAX's policy and /or practice

23  circumvents California's employment laws designed to protect employee working conditions.

24  OFFICEMAX also therefore failed to provide WAGE-EARNERS with accurate time records and earnings

25  statements as required by Labor Code section 226 and IWC Wage Orders, including but not limited to,

26  4-2001 and 7-2001.

27  / / /

28  / / /

1      36.    WAGE-EARNERS are informed and believe and thereon allege that all WAGE-
2  EARNERS were affected by OFFICEMAX's practices. OFFICEMAX paid WAGE-EARNERS based
3  upon OFFICEMAX's own faulty recorded time which did not reflect the actual time worked, resulting
4  in a failure to pay wages for time worked.

5      37.    WAGE-EARNERS have been required to bring this action to recover unpaid/lost wages,
6  statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as authorized by
7  California law.

8      38.    WAGE-EARNERS seek all unpaid wages in an amount to be determined, statutory wages
9  and related sums, civil penalties, attorneys' fees and costs, liquidated damages, disbursements, and interest
10  as provided by California law, including but not limited to Labor Code sections 203, 226, 558, 1194,
11  1194.2, 1197, 1197.1, 2802, and IWC Wage Orders, including but not limited to, 4-2001 and 7-2001.
12  Additionally, OFFICEMAX's actions were oppressive, fraudulent and malicious, thereby entitling
13  WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and make an
14  example of OFFICEMAX pursuant to Civil Code section 3294.

15

16                                    VII.

17                         SECOND CAUSE OF ACTION

18                      FAILURE TO PAY ALL OVERTIME WAGES

19                            (As against all DEFENDANTS)

20      39.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though
21  fully set forth herein.

22      40.    During the course of WAGE-EARNERS' employment OFFICEMAX allowed, suffered
23  and permitted WAGE-EARNERS and overtime class members to work in excess of the statutory
24  maximum hours per day and in excess of the statutory maximum hours per week without proper
25  compensation. At all material times herein, OFFICEMAX had a policy and practice encouraging and
26  requiring employees to clock out, and yet remain working for OFFICEMAX in excess of the maximum
27  statutory hours per day and/or per week, thereby depriving employees of mandated overtime pay.
28  OFFICEMAX also had a company policy and practice of requiring "approval" of overtime which was so

13

1 rigorous, stringent, and intimidating, that it resulted in employees working overtime without receiving

2 premium pay as required by law.

3    41.    OFFICEMAX was required to pay WAGE-EARNERS and overtime class members,

4 premium overtime pay for all hours worked in excess of the statutory maximum hours per day and in

5 excess of the statutory maximum hours per week, but failed to do so.

6    42.    OFFICEMAX's failure to pay WAGE-EARNERS and overtime class members for all

7 hours worked in excess of the statutory maximum hours per day and in excess of the statutory maximum

8 hours per week was willful, and overtime wages remain due and unpaid in amounts to be determined.

9 Additionally, OFFICEMAX failed to provide WAGE-EARNERS with accurate time records and earnings

10 statements as required by Labor Code section 226 and IWC Wage Orders, including but not limited to,

11 4-2001 and 7-2001.

12    43.    WAGE-EARNERS, on their behalf, and on behalf of the overtime class members seek to

13 recover unpaid/lost wages, overtime wages, premium pay, statutory wages and related sums, civil

14 penalties, attorneys' fees and costs, and interest as authorized by California law including, but not limited

15 to, Labor Code sections 203, 218.6, 500, 510, 1194, and 1198. Additionally, OFFICEMAX's actions were

16 oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of punitive

17 damages in an amount appropriate to punish and make an example of OFFICEMAX pursuant to Civil

18 Code section 3294.

19

20                                    **VIII.**

21                          **THIRD CAUSE OF ACTION**

22                      **FAILURE TO PAY MINIMUM WAGES**

23                          **(As against all DEFENDANTS)**

24    44.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though

25 fully set forth herein.

26    45.    At all material times herein, WAGE-EARNERS were employed by OFFICEMAX in the

27 State of California.

28 ///

14

MAR-21-07  10:24  From:KRUTCIK & GEORGGIN                949-367-8597        T-065  P.19/29  Job-595

1   46.   During the course of WAGE-EARNERS' employment, OFFICEMAX allowed, suffered

2   and permitted WAGE-EARNERS to perform work for the benefit of OFFICEMAX without compensating

3   WAGE-EARNERS for all hours worked.

4   47.   Pursuant to California law, including but not limited to, California Labor Code section

5   1197 and IWC Wage Orders, including but not limited to, 4-2001 and 7-2001, OFFICEMAX was required

6   to pay WAGE-EARNERS at the then-prevailing State of California minimum wage rate for all hours

7   worked.

8   48.   OFFICEMAX failed and refused to pay WAGE-EARNERS and minimum wage class

9   members at the State of California minimum wage rates or any wage for all hours worked when those

10  wages were due, and there remains due and owing minimum wages in an amount to be determined.

11  Specifically, and by way of illustration, OFFICEMAX fostered a work environment which required

12  employees to work while not clocked in, commonly known as working "Off-The-Clock". Additionally,

13  OFFICEMAX failed to provide WAGE-EARNERS with accurate time records and earnings statements

14  as required by Labor Code section 226 and IWC Wage Orders, including but not limited to, 4-2001 and

15  7-2001.

16  49.   WAGE-EARNERS have been required to bring this action to recover minimum wages,

17  unpaid/lost wages, statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest

18  as authorized by California law.

19  50.   As a result of OFFICEMAX's failure to pay WAGE-EARNERS at the minimum wage rate

20  for all hours worked, when those wages were due, WAGE-EARNERS, pursuant to California law,

21  including but not limited to California Labor Code sections 218.6, 1194, 1194.2, 1197, 1197.1 and IWC

22  Wage Orders, are entitled to civil penalties, liquidated damages, interest, costs and attorneys' fees.

23  51.   WAGE-EARNERS seek all unpaid minimum wages in an amount to be determined,

24  unpaid/lost wages, statutory wages and related sums, civil penalties, attorneys' fees and costs, liquidated

25  damages, disbursements, and interest as provided by California law. Additionally, OFFICEMAX's

26  actions were oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of

27  punitive damages in an amount appropriate to punish and make an example of OFFICEMAX pursuant

28  to Civil Code section 3294.

15

*PLDIA Complaint.wpd*

Plaintiff's Complaint for Wage & Hour Violations

(WED)MAR 21 2007  9:45/ST. 9:36/No. 6808570782 P 19          FROM JJOC COURT DEPT. 714 953-2840

## IX.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

#### (As against all DEFENDANTS)

52.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though fully set forth herein.

53.    The California Labor Code and IWC Wage Orders provide for minimum employment conditions to be followed by all employers within the State of California. California law, including but not limited to, California Labor Code sections 226.7 and 516, and IWC Wage Orders, including but not limited to, 4-2001 and 7-2001, require that employees receive a paid rest break of not less than ten (10) minutes for each period of four hours worked.

54.    At all material times herein, OFFICEMAX failed to provide WAGE-EARNERS uninterrupted rest periods of not less than ten (10) minutes as required, in violation of California law, including but not limited to, California Labor Code sections 226.7 and 516, and IWC Wage Orders, including but not limited to, 4-2001 and 7-2001, and failed to pay WAGE-EARNERS for those rest periods not provided, plus statutory wages and related sums. OFFICEMAX stores were understaffed which required WAGE-EARNERS to work through their breaks. OFFICEMAX stores were too busy for the number of employees working and as a result, WAGE-EARNERS were required to forgo their breaks entirely or perform work during their break time. WAGE-EARNERS' breaks were routinely interrupted because of the busy nature of the stores, and the understaffed work force. Additionally, OFFICEMAX failed to provide WAGE-EARNERS with accurate time records and earnings statements as required by Labor Code section 226 and IWC Wage Orders, including but not limited to, 4-2001 and 7-2001.

55.    As a result of OFFICEMAX's failure to provide rest periods as required, WAGE-EARNERS are entitled to recover wages for those rest periods that were not provided, plus statutory wages and related sums.

56.    WAGE-EARNERS seek unpaid wages for OFFICEMAX's failure to provide rest periods as required, statutory wages and related sums, civil penalties, plus attorneys' fees and costs, interest, liquidated damages and disbursements pursuant to California law. Additionally, OFFICEMAX's actions

16

1　were oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of punitive

2　damages in an amount appropriate to punish and make an example of OFFICEMAX pursuant to Civil

3　Code section 3294.

4

5　　　　　　　　　　　　　　　　　　　**X.**

6　　　　　　　　　　　　　　**FIFTH CAUSE OF ACTION**

7　　　　　　　　　　　**FAILURE TO PROVIDE MEAL PERIODS**

8　　　　　　　　　　　　　**(As against all DEFENDANTS)**

9　　　　57.　WAGE-EARNERS incorporate all of the common allegations contained in this Complaint

10　as though fully set forth herein.

11　　　　58.　The California Labor Code and IWC wage orders provide for minimum employment

12　conditions to be followed by all employers within the State of California. California law, including but

13　not limited to, California Labor Code sections 226.7, 512, and 516, and IWC Wage Orders, including but

14　not limited to, 4-2001 and 7-2001, require that employees receive an uninterrupted meal period of not less

15　than thirty (30) minutes for each shift of five hours or more.

16　　　　59.　At all material times herein, OFFICEMAX failed to provide WAGE-EARNERS with

17　uninterrupted meal periods of not less that thirty (30) minutes as required, and in violation of California

18　law, including but not limited to, California Labor Code sections 226.7, 512, and 516, and IWC Wage

19　Orders, including but not limited to, 4-2001 and 7-2001 and failed to pay WAGE-EARNERS for those

20　meal periods not provided. OFFICEMAX stores were understaffed which required WAGE-EARNERS

21　to work through their meal periods. OFFICEMAX stores were too busy for the number of employees

22　working and as a result, WAGE-EARNERS were required to forgo their meal period entirely or to work

23　during their meal time. WAGE-EARNERS' meal periods were routinely interrupted because of the busy

24　nature of the stores, and the understaffed work force. OFFICEMAX's policy and practice required

25　WAGE-EARNERS to eat their meals in short intervals between work interruptions. Meal periods were

26　often shortened or not provided at all. Additionally, OFFICEMAX failed to provide WAGE-EARNERS

27　with accurate time records and earnings statements as required by Labor Code section 226 and IWC Wage

28　Orders, including but not limited to, 4-2001 and 7-2001.

17

1    60.    As a result of OFFICEMAX's failure to provide meal periods as required, WAGE-
2  EARNERS are entitled to recover wages for those meal periods that were not provided, plus statutory
3  wages and related sums.

4    61.    WAGE-EARNERS seek unpaid wages for missed meal periods, statutory wages and
5  related sums, civil penalties, plus attorneys' fees and costs, interest, liquidated damages and disbursements
6  pursuant to California law, including but not limited to, California Labor Code sections 218.5, 218.6,
7  226.7, 512, 516, 558, and IWC Wage Orders, including but not limited to, 4-2001 and 7-2001.
8  Additionally, OFFICEMAX's actions were oppressive, fraudulent and malicious, thereby entitling
9  WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and make an
10  example of OFFICEMAX pursuant to Civil Code section 3294.

11

12                                    XI.

13                        SIXTH CAUSE OF ACTION

14          LATE PAYMENT OF ALL ACCRUED WAGES AND COMPENSATION

15                        (As against all DEFENDANTS)

16    62.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though
17  fully set forth herein.

18    63.    California law requires that employers pay their employees all earned wages on a timely
19  basis, including when employees separate from employment. OFFICEMAX is required by California
20  Law, including but not limited to Labor Code sections 201, 202 and 208, to deliver final paychecks for
21  employees who separate from employment according to a strict, mandatory time line. WAGE-EARNERS
22  are informed and believe and thereon allege that OFFICEMAX failed to deliver final paychecks to its
23  employees in a timely manner as mandated by California law. OFFICEMAX had a policy and practice
24  which required its employees who separated from employment to wait until the "next payroll cycle" to
25  receive his or her accrued wages.

26    64.    OFFICEMAX's failure to pay WAGE-EARNERS' and late pay class members' wages
27  when due was willful, and continued for a period of time to be determined.

28  ///

18

1    65.    Because of OFFICEMAX's willful failure to timely make payment of WAGE-EARNERS'

2  and late pay class members' wages when due, WAGE-EARNERS and late pay class members are due

3  late-pay wages for up to 30 days, in amounts to be determined at the time of trial. WAGE-EARNERS are

4  also entitled to recover statutory wages and related sums, civil penalties, plus attorneys' fees and costs,

5  interest, liquidated damages and disbursements pursuant to California law. Additionally, OFFICEMAX's

6  actions were oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of

7  punitive damages in an amount appropriate to punish and make an example of OFFICEMAX pursuant

8  to Civil Code section 3294.

9

10                                    XII.

11                      SEVENTH CAUSE OF ACTION

12  UNFAIR BUSINESS PRACTICES PURSUANT TO BUSINESS & PROFESSIONS CODE

13                       SECTION 17200, ET SEQ.

14                      (As against all DEFENDANTS)

15    66.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though

16  fully set forth herein.

17    67.    Within the applicable statutory period prior to the filing of this complaint, OFFICEMAX

18  failed to comply with the Wage and Hour provisions of the State of California, as set forth herein.

19  OFFICEMAX's failure to comply with such wage/hour provisions of law created an illegal, unwarranted

20  and unfair economic windfall to the improper benefit of OFFICEMAX.

21    68.    WAGE-EARNERS, individually, and on behalf of the general public, allege that at all

22  relevant times OFFICEMAX's actions, including, but not limited to, its violations of California Law and

23  the California Labor Code, as set forth herein, constitute a continuing and ongoing unfair and unlawful

24  activity prohibited by Business & Professions Code section 17200, et seq., and justify the issuance of an

25  order disgorging wrongfully withheld wages and other related sums by OFFICEMAX. The unlawful

26  business practices of OFFICEMAX are likely to continue to mislead the public (that employees are being

27  paid in accordance with the California Labor Code and not subjected to illegal policies and practices).

28  The unlawful business practices of OFFICEMAX present a continuing threat to the public, and unfair

                                       19

1  business practice of avoiding wage obligations and expenses. These violations constitute a threat and

2  unfair business policy. The Court is authorized to order an injunction, and/or disgorgement of fees to

3  affected members of the public as a remedy for any violations of Business & Professions Code section

4  17200, et seq. WAGE-EARNERS allege that OFFICEMAX violated numerous California Labor Code

5  statutes.

6        69.     OFFICEMAX has engaged in unfair business practices in California by utilizing the illegal

7  employment practices outlined above, including, but not limited to, causing and permitting WAGE-

8  EARNERS to work for the benefit of OFFICEMAX without proper compensation, WAGE-EARNERS

9  were not properly paid for work time, and OFFICEMAX failed to provide WAGE-EARNERS mandatory

10  rest breaks and meal periods, failed to pay all wages when due upon termination of employment and failed

11  to compensate WAGE-EARNERS for other sums due for labor, fees and penalties according to California

12  Law. OFFICEMAX also failed to provide WAGE-EARNERS with accurate time records and earnings

13  statements as required by Labor Code section 226 and IWC Wage Orders, including but not limited to,

14  4-2001 and 7-2001. OFFICEMAX's employment conduct constitutes an unfair business practice, unfair

15  competition, and provides an unfair advantage over OFFICEMAX's competitors. WAGE-EARNERS

16  seek full restitution and disgorgement of said monies from OFFICEMAX, as necessary and according to

17  proof, to restore any and all monies withheld, acquired, or converted by OFFICEMAX by means of the

18  unfair practices complained of herein.

19        70.     WAGE-EARNERS allege that the actions of OFFICEMAX, as alleged herein, have caused,

20  and continue to cause WAGE-EARNERS to suffer an injury in fact and lose money and/or property as

21  a result of such unfair competition. WAGE-EARNERS further allege that at all relevant times

22  OFFICEMAX engaged in unlawful, deceptive and unfair business practices prohibited by Business &

23  Professions Code sections 17200, et seq., including those set forth herein, thereby depriving WAGE-

24  EARNERS and the public of the minimum working conditions and standards due them under California

25  Labor Laws and IWC Wage Orders.

26  / / /

27  / / /

28  / / /

71.    As a direct and proximate result of OFFICEMAX's conduct, as alleged herein, OFFICEMAX has received and continues to receive WAGE-EARNERS' labor without proper and adequate compensation as provided for by law, and has illegally retained accrued wages, statutory wages, and other sums that rightfully belong to WAGE-EARNERS and other members of the general public.

## XIII.

### EIGHTH CAUSE OF ACTION

### CONVERSION OF ACCRUED WAGES AND COMPENSATION

#### (As against all DEFENDANTS)

72.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though fully set forth herein.

73.    At the time OFFICEMAX refused to pay the wages and expenses due to WAGE-EARNERS as mandated by California law and/or as agreed, WAGE-EARNERS owned and had the right to possess such withheld wages. OFFICEMAX willfully and without legal justification interfered with WAGE-EARNERS' right to own and possess their wages. Instead, OFFICEMAX converted such wages into profits for their own illegal benefit. The exact amount of those wages is capable of being made certain from a review of either the information of WAGE-EARNERS, or from the records of OFFICEMAX. However, OFFICEMAX refused to provide the data when such information is obtainable pursuant to California law requiring that employers maintain and provide employees with accurate time records and earnings statements, including but not limited to Labor Code section 226, and IWC Wage Orders, including but not limited to, 4-2001 and 7-2001.

74.    In refusing to pay all wages to WAGE-EARNERS as promised and required by California law, OFFICEMAX unlawfully and intentionally took and converted the property of WAGE-EARNERS for its own use. At the time the conversion took place WAGE-EARNERS were entitled to immediate possession of the amounts of wages payable. This conversion was oppressive, malicious and fraudulent. This conversion was concealed by OFFICEMAX from WAGE-EARNERS.

///

///

21

75.    The conduct of OFFICEMAX described in this Complaint was oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and make an example of OFFICEMAX pursuant to Civil Code section 3294.

## XIV.

### NINTH CAUSE OF ACTION

### VIOLATION OF CIVIL CODE SECTION 52.1

#### (As against all DEFENDANTS)

76.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though fully set forth herein.

77.    The State of California secures various rights for WAGE-EARNERS, including but not limited to minimum wages, overtime wages, rest breaks, pay for missed rest breaks, meal periods, pay for missed meal periods, and the timely payment of all wages upon termination of employment as set forth in the California Labor Code and IWC Wage Orders.

78.    WAGE-EARNERS allege that at all relevant times OFFICEMAX's actions in violating California Labor Code sections 200, 201, 202, 203, 204, 208, 210, 216, 218.5, 218.6, 225.5, 226, 226.3, 226.7, 227.7, 2926, 512, 516, 1174, 1174.5, 1198, and IWC Wage Orders, including but not limited to, Wage Order 4-2001 and 7-2001, constitute violations of the rights protected under Civil Code section 52.1 entitling WAGE-EARNERS to statutory damages.

79.    WAGE-EARNERS allege that at all relevant times OFFICEMAX deprived and continues to deprive WAGE-EARNERS of said statutory rights by failing to provide proper minimum and overtime wages, rest breaks, meal periods, pay for missed rest breaks and meal periods, and the timely payment of all wages upon termination of employment to WAGE-EARNERS.

80.    WAGE-EARNERS allege that at all relevant times OFFICEMAX used intimidation to discourage WAGE-EARNERS from seeking the minimum wages, overtime wages, rest breaks, meal periods, rest break pay, meal period pay, and timely payment of all wages upon termination of employment that WAGE-EARNERS are entitled to by making WAGE-EARNERS fear they will not obtain advancement in the company, or will lose their jobs, or they will receive a bad recommendation

22

1   for future employment if WAGE-EARNERS seek to enforce those rights, wages, and other pay as

2   provided by California law.

3           81.     Further, WAGE-EARNERS allege that at all relevant times OFFICEMAX coerced WAGE-

4   EARNERS to give up their entitled minimum wages, overtime wages, rest break pay, meal period pay,

5   and timely payment of all wages upon termination of employment when WAGE-EARNERS sought

6   recovery of those denied wages and related sums. In order to receive any wages, OFFICEMAX forced

7   WAGE-EARNERS to accept a lower amount than that to which WAGE-EARNERS would be entitled

8   under California law.

9           82.     WAGE-EARNERS allege that OFFICEMAX's actions of force, fear, intimidation and

10  coercion deprived WAGE-EARNERS of rights secured by the laws of the State of California. As a direct

11  and proximate result of OFFICEMAX's unlawful and predatory practices, OFFICEMAX remains in

12  possession of wages and other monies owed to WAGE-EARNERS.

13          83.     Because of OFFICEMAX's conduct as alleged herein, WAGE-EARNERS are entitled to

14  recover all unpaid wages and related sums, minimum statutory damages, civil penalties, plus attorneys'

15  fees and costs, interest, liquidated damages and disbursements pursuant to California law. Additionally,

16  WAGE-EARNERS seek an injunction prohibiting OFFICEMAX's unlawful and predatory practices.

17

18                                          **XV.**

19                                  **PRAYER FOR RELIEF**

20          **WHEREFORE**; WAGE-EARNERS, individually and on behalf of all those similarly situated,

21  and on behalf of the general public, pray for judgment against OFFICEMAX as follows:

22          1.      For an Order certifying the proposed Class as a Class Action;

23          2.      For all unpaid wages, overtime wages, premium wages, minimum wages, and "Off-the-

24                  Clock" wages in an amount to be determined at the time of trial;

25          3.      For all wages and other related sums converted and illegally retained by OFFICEMAX;

26          4.      For any and all profits, whether direct or indirect, OFFICEMAX acquired by reason of its

27                  conversion;

28  ///

5.    Pursuant to Business and Professions Code section 17203, that OFFICEMAX be preliminarily and permanently enjoined from: A) not paying its employees all wages due; B) not paying its employees minimum wages; C) not paying its employees for all time worked, including Off-the-Clock work; D) requiring employees to work more than 8 hours per day and/or 40 hours per week without receiving "overtime" and/or "premium" pay; E) operating OFFICEMAX stores with reduced staff so that employees are not allowed to take mandated rest breaks and meal periods; and F) failing to tender all wages to employees who terminated their employee with OFFICEMAX within the time proscribed by law.

6.    Pursuant to Business and Professions Code section 17203 and the equitable powers of this Court, that OFFICEMAX be ordered to restore to WAGE-EARNERS all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Business and Professions Code section 17200 et seq.;

7.    For restitutionary disgorgement of wages and related sums, civil penalties, attorneys' fees and all other remedies available pursuant to Business & Professions Code section 17200, et seq.;

8.    For statutory penalty wages pursuant to California Labor Code sections, including but not limited to 203 and 510;

9.    For all civil penalties, liquidated damages, and related sums pursuant to California law, including but not limited to, California Labor Code sections 210, 225.5, 226, 226.3, 558, 1174.5 and 1197.1, and Civil Code section 52;

10.    For punitive and exemplary damages pursuant to Civil Code section 3294;

11.    For costs and disbursements, pre-judgment and post-judgment interest in the amount of 10% per annum, liquidated damages, and attorney fees pursuant to California Labor Code sections 218.5, 218.6, 1194, and 1194.2, and Civil Code section 52.1;

12.    For an injunction prohibiting OFFICEMAX's unlawful and predatory practices; and

/ / /

/ / /

24

PLDIA. Complaint.wpd

Plaintiff's Complaint for Wage & Hour Violations

MAR-21-07  10:29   From:KRUTCIK GEORGGIN                    343-367-0597      T-085  P.29/29  Job-595

1    13.    For such further or alternative relief in favor of WAGE-EARNERS and all class members

2          as the Court deems appropriate.

3

4    DATED:  March 20, 2007                            KRUTCIK & GEORGGIN

5

6                                                By _____

7                                                James A. Krutcik, Esq.
                                                A. Nicholas Georggin, Esq.
8                                                Steven D. Sperling, Esq.
                                                Attorneys for PLAINTIFF

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

62 9 2820458089 'oN/98:6  'LS/64:6  L002 12 AAM(03W)        0482-896 412  'Ld30 LANOO OOLf WOAF

MAR-21-07 10:16 From:KRUTCIK & GEORGGIN    949-387-    T-065 P.02 Job-595

(a) COPY

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Na    te Bar number, and address):
A. Nicholas Georggin (State Bar # 170923)
KRUTCIK & GEORGGIN
26021 Acero, Mission Viejo, CA 92691
TELEPHONE NO.: (949) 367-8590    FAX NO.: (949) 367-8597
ATTORNEY FOR (Name): William Minter, Jr., individually and on behalf of all those similarly situated

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1221 Oak St. 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME:

CASE NAME:
Minter v. Officemax, Inc., et al.

ENDORSED
FILED
ALAMEDA COUNTY

2007 MAR 21 PH 12: 53

CLERK OF THE SUPERIOR COURT
BY ALPHONSINE OATES

| CIVIL CASE COVER SHEET | Complex Case Designation | | CASE NUMBER: RG07316793 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[X] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [X] punitive
4. Number of causes of action (specify): NINE (9)
5. This case [ ] is [X] is not    a class action suit.
6. This case [ ] is [ ] is not    a collections case under rule 3.740.
7. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: March 20, 2007

A. Nicholas Georggin
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, or a collections case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

FROM JUOC COURT DEPT. 714 95
FROM JJOC COURT DEPT. 714 95

# EXHIBIT "B"

99999-6208/LEGAL12994309.1

1  WILLIAM P. KANNOW (SBN 71409)
   wkannow@perkinscoie.com
2  PERKINS COIE LLP
   1620 26th Street
3  Sixth Floor, South Tower
   Santa Monica, CA 90404-4013
4  Telephone: 310.788.9900
   Facsimile: 310.788.2399
5
   Attorneys for Defendants
6  OFFICEMAX INCORPORATED and
   OFFICEMAX NORTH AMERICA, INC.
7

ENDORSED
FILED
ALAMEDA COUNTY

MAY - 1 2007

CLERK OF THE SUPERIOR COURT
By: MARGARET J DOWNIE
                        Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF ALAMEDA

10

11  WILLIAM MINTER, JR., individually,      No. RG07316793
    and on behalf of all those similarly
12  situated,                               ANSWER TO UNVERIFIED
                                            COMPLAINT
13              Plaintiffs,

14      v.                                  [PUTATIVE CLASS ACTION]

15  OFFICEMAX, INC., a Delaware
    corporation; OFFICEMAX, INC. fka
16  BOISE CASCADE CORPORATION, a            Complaint Filed:  March 21, 2007
    Delaware corporation; BOISE OFFICE
17  SOLUTIONS, corporate form unknown;
    and, DOES 1 through 500, inclusive,
18                                          
                Defendants.
19

20      Defendants, OfficeMax Incorporated (erroneously sued herein as OfficeMax, Inc.

21  and Boise Office Solutions), a Delaware corporation, formerly known as Boise Cascade

22  Corporation, and OfficeMax North America, Inc., an Ohio corporation, formerly known

23  as OfficeMax, Inc. (hereinafter collectively "OfficeMax" or "Defendants"), for themselves

24  alone and for no other, answer the unverified Complaint of Plaintiff, as follows:

25      1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

26  OfficeMax denies, both generally and specifically, each and every allegation contained in

27  the unverified Complaint, and the whole thereof, and further denies that Plaintiff, or any

28

57187-0001/LEGAL13170462.1        ANSWER TO UNVERIFIED COMPLAINT

1    member of the alleged putative class, was damaged in the manner or sum alleged, or in

2    any other manner or sums whatsoever or at all.

3                        **AFFIRMATIVE DEFENSES**

4        AS AND FOR ITS AFFIRMATIVE DEFENSES TO THE INDIVIDUAL AND

5    PUTATIVE CLASS CLAIMS CONTAINED IN THE COMPLAINT, DEFENDANTS

6    ALLEGE AS FOLLOWS:

7                        **FIRST AFFIRMATIVE DEFENSE**

8                        **(Failure To State A Claim)**

9        2.    The Complaint, and each purported cause of action thereof, fails to state

10   facts sufficient to constitute a cause of action against the Defendants.

11                       **SECOND AFFIRMATIVE DEFENSE**

12                       **(Statute Of Limitations)**

13       3.    Defendants are informed and believe that Plaintiff's claims, and each of

14   them, are barred by applicable statutes of limitations contained in California Code of Civil

15   Procedure sections 335.1, 337, 338(a), 339 and 340(a) and/or (b).

16                       **THIRD AFFIRMATIVE DEFENSE**

17       **(Failure To Exhaust Administrative And Contractual Remedies)**

18       4.    Defendants are informed and believe that the Complaint, and each purported

19   cause of action thereof, is barred and/or mitigated because Plaintiff failed to exhaust his

20   administrative, employment and contractual remedies.

21                       **FOURTH AFFIRMATIVE DEFENSE**

22                       **(Hours Worked)**

23       5.    Defendants are informed and believe that the Complaint, and each cause of

24   action contained therein, is barred because the time that Plaintiff alleges was not

25   compensated did not constitute "hours worked" within the meaning of the California

26   Labor Code, the California Code of Regulations, and California Industrial Welfare

27   Commission Wage Orders.

28

                              -2-                                    43
                    ANSWER TO UNVERIFIED COMPLAINT

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Preparatory and Concluding Activities)

3      6.     Defendants are informed and believe that the Complaint is barred because

4    the time that Plaintiff alleges was not properly compensated was spent on preparatory and

5    concluding activities for which no compensation was due.

6

## SIXTH AFFIRMATIVE DEFENSE

7

### (Failure To Observe Company Policies And Directives)

8      7.     To the extent Plaintiff was not properly compensated for hours worked, such

9    time was worked in direct contravention to explicit and repeated directions of Defendants

10   that Plaintiff not work during such time, and notwithstanding explicit company policies

11   and/or practices that employees only work assigned hours, and take all allowable meal and

12   rest periods provided by law.

13

## SEVENTH AFFIRMATIVE DEFENSE

14

### (Unclean Hands)

15     8.     The Complaint, and each purported claim for relief contained therein, is

16   barred by Plaintiff's own unclean hands and other inequitable conduct.

17

## EIGHTH AFFIRMATIVE DEFENSE

18

### (Waiver, Release And Estoppel)

19     9.     Plaintiff's claims, and each of them, are barred by the doctrines of waiver,

20   release and/or estoppel.

21

## NINTH AFFIRMATIVE DEFENSE

22

### (Laches)

23     10.    The Complaint, and each purported claim thereof, is barred by the doctrine

24   of laches.

25

## TENTH AFFIRMATIVE DEFENSE

26

### (After-Acquired Evidence)

27     11.    After the termination of certain unnamed putative class members'

28   employment with Defendants, OfficeMax has been informed of and has come to believe

-3-

1   in evidence concerning their respective conduct which, if OfficeMax had been aware of

2   such evidence, or that such members had engaged in such conduct, and fully understood

3   and appreciated such evidence or conduct, Defendants could and would have terminated

4   their employment.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

7   12.   Defendants are informed and believe that Plaintiff failed to exercise due

8   diligence to mitigate his alleged losses, injuries, or damages and failed to avoid same by

9   timely availing himself of remedies and procedures specified by Defendants; accordingly

10  the amount of damages to which Plaintiff may be entitled, if any, should be reduced by the

11  amount of damages that could otherwise have been mitigated.

## TWELFTH AFFIRMATIVE DEFENSE

### (True and Privileged Acts of Management)

14  13.   All actions taken by Defendants represent the true and privileged acts of

15  management taken in good faith for lawful business reasons and which were not arbitrary

16  or capricious.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure To Notify And Avoid)

19  14.   The Complaint, and each cause of action thereof, is barred – or the damages

20  flowing therefrom reduced – because Plaintiff failed to notify Defendants of the alleged

21  statutory violations at the time such violations allegedly occurred, which prevented

22  Defendants from taking any action to remedy such alleged violations.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

25  15.   Plaintiff's claims are barred because any alleged act or omission of

26  Defendants was in good faith and Defendants had reasonable grounds to believe that their

27  conduct did not violate any provision of the California Labor Code, California Code of

28  Regulations, or Order of the Industrial Welfare Commission. In this connection,

-4-

1  Defendants' good faith conduct precludes the award of any penalties under Labor Code

2  § 558.

3  ## FIFTEENTH AFFIRMATIVE DEFENSE

4  ### (Avoidable Consequences)

5  16.    The claims of Plaintiff are barred and/or mitigated by the doctrine of

6  avoidable consequences established by *State Dept. of Health Services v. Superior Court*

7  *(McGinnis)*, 31 Cal. 4th 1026 (2003).

8  ## SIXTEENTH AFFIRMATIVE DEFENSE

9  ### (Constitutional Due Process)

10  17.    The purported class claims of plaintiff – if allowed to be tried upon or with

11  so-called representative evidence – would violate the procedural and substantive Due

12  Process clauses of the state and federal Constitutions.

13  ## SEVENTEENTH AFFIRMATIVE DEFENSE

14  ### (Labor Code 226.7)

15  18.    The meal and rest break claims of the named plaintiff does not require an

16  employer to ensure that such break periods are, in fact, taken.

17  ## EIGHTEENTH AFFIRMATIVE DEFENSE

18  ### (Class Treatment Inappropriate)

19  19.    The claims alleged by plaintiff are inappropriate for class action treatment

20  since none provide a well defined community of interest among alleged class members,

21  and do not involve a predominance of common factual and/or legal issues. Moreover, the

22  named plaintiff herein is an inadequate representative for the proposed class, and class

23  action status is not a superior method for the adjudication of the claims raised herein.

24  ## NINETEENTH AFFIRMATIVE DEFENSE

25  ### (No Waiting Time Penalties)

26  20.    At all times herein, Defendants did not intentionally fail to pay wages that

27  they believed, in good faith, were due and owing to any of their former employees.

28

-5-

1    Moreover, the defenses raised herein create a situation where said defenses, if successful,

2    would preclude any recovery by plaintiff and/or any putative class member.

3                           **TWENTIETH AFFIRMATIVE DEFENSE**

4                                  **(No Unfair Competition)**

5         21.    Without admitting the allegations of the Complaint, Defendants allege that

6    Plaintiff's claims are barred in that the alleged practices did not occur (and are not unfair

7    in any event); the public would not likely be deceived by the alleged practices; Defendants

8    would gain no competitive advantage by such alleged practices; and/or the benefits of the

9    alleged practices outweigh any harm or other impact they may cause.

10                        **TWENTY-FIRST AFFIRMATIVE DEFENSE**

11                             **(No Unlawful Business Practices)**

12        22.    Plaintiff's claims are barred, in whole or in part, because Defendants'

13   business practices are and were not "unlawful."

14                      **TWENTY-SECOND AFFIRMATIVE DEFENSE**

15                                  **(Actions Legitimate)**

16        23.    Defendants' actions were for legitimate business reasons and were not based

17   upon a violation of public policy or other factors protected by law.

18                       **TWENTY-THIRD AFFIRMATIVE DEFENSE**

19                        **(No Penalties Recoverable Under UCL)**

20        24.    Plaintiff may not recover damages or penalties (including exemplary

21   damages) pursuant to California Business and Professions Code section 17200, et seq.

22   ("UCL"), as the UCL does not allow recovery of such damages and/or penalties.

23                      **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24                          **(Failure to Comply with LCPAGA)**

25        25.    Plaintiff may not recover penalties pursuant to the Labor Code Private

26   Attorneys General Act ("LCPAGA") because Plaintiff failed to comply with its conditions

27   precedent, including applicable notice-and-cure provisions.

28

                                          -6-

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (LCPAGA Penalties Unjust, Arbitrary and Oppressive, or Confiscatory)

26. To the degree, if any, that penalties are recoverable under the LCPAGA, which Defendants do not concede, they must be reduced by the Court because, under the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary, oppressive, and/or confiscatory.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unconstitutionality)

27. The Complaint's individual and/or putative class claims that seek the imposition of multiple penalties and/or exemplary damages for the same basic wrongs are unconstitutional in that such relief violates the Due Process clauses of both federal and state Constitutions.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Another Action Pending)

28. Plaintiff's Complaint is barred and/or should be stayed because another action has previously been filed, alleging the same basic individual and class claims as those contained herein.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Subsequently Discovered Defenses)

29. OfficeMax reserves the right to assert new and/or additional affirmative defenses based upon further investigation and/or discovery.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by his Complaint;

2. That judgment be entered in favor of Defendants;

3. That Defendants recover their costs and expenses incurred herein; and

//

//

-7-

1      4.      For such other and further relief as the Court deems just and proper.

2

3    DATED: May 1, 2007                              **PERKINS COIE LLP**

4                                                   By: _____
                                                        William P. Kannow
5                                                   Attorneys for Defendants
                                                    OfficeMax Incorporated and
6                                                   OfficeMax North America, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-
ANSWER TO UNVERIFIED COMPLAINT

57187-0001/LEGAL13170462.1

1

2

## PROOF OF SERVICE - MAIL

3

4

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5

6

7

    I am and was at all times herein mentioned employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action or proceeding. My business address is 1620 26$^{th}$ Street, Sixth Floor, Santa Monica, California 90404.

8

9

10

    On May 1, 2007, I served a true copy of **ANSWER TO UNVERIFIED COMPLAINT** on the interested parties in this action by placing said document enclosed in a sealed envelope (for collection and mailing, with postage thereon fully prepaid, on the same date, following ordinary business practices) in an internal collection basket, addressed as follows:

11

### **Attorney for Plaintiffs:**

12

13

14

15

16

James A. Krutcik, Esq.
A. Nicholas Georggin, Esq.
Steven D. Sperling, Esq.
Krutcik & Georggin
26021 Acero
Mission Viejo, CA 92691
Tel: 949-367-8590; Fax: 949-367-8597

17

18

19

    I am readily familiar with this business's practices concerning collection and processing of correspondence for mailing with the United States Postal Service, and declare that correspondence is deposited with the United States Postal Service on the same day it is internally collected at Perkins Coie LLP in the ordinary course of business.

20

21

22

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; that I am employed in the office of a member of the Bar of this Court at whose direction this service was made; and that this Proof of Service was executed on May 1, 2007, at Santa Monica, California.

23

*Helen E. Mays*

24

Helen E. Mays

25

26

27

28

ANSWER TO UNVERIFIED COMPLAINT     50

57187-0001/LEGAL13170462.1

# EXHIBIT "C"

JH ●

MATTHEW J. MATERN (State Bar #159798)
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 Crenshaw Boulevard, Suite 100
Torrance, California 90501
Tel. (310) 218-5500
Fax.(310) 218-1155

Attorneys for Plaintiff Mauricio González and other
similarly situated current and former employees of
OfficeMax North America, Inc.



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 1 6 2007

ALAN SLATER, Clerk of the Court
BY J. HAINES

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

MAURICIO GONZALEZ, on behalf of
himself and all others similarly situated,

        Plaintiffs,

vs.

OFFICEMAX NORTH AMERICA, INC.,
and DOES 1 through 50, inclusive,

        Defendants.

CASE NO 07 CC 01228

CLASS ACTION COMPLAINT FOR
DAMAGES FOR:

1. Failure to Provide Off-Duty Meal
   Periods and Required Compensation -
   Labor Code §§ 226.7 and 512 and
   Industrial Wage Commission Wage
   Order 13-2001;

2. Failure to Provide Rest Breaks and
   Required Compensation - Labor Code
   § 226.7 and Industrial Wage
   Commission Wage Order 13-2001;

3. Failure to Pay Wages Due - Labor
   Code § 204;

4. Failure to Indemnify Employees for
   All Necessary Expenditures or Losses
   Incurred;

5. Failure to Maintain Required Records
   – Labor Code § 226;

6. Civil Penalties - Labor Code § 558;

7. Civil Penalties - Labor Code § 2698 et
   seq.;

8. Violation of California Business and
   Professions Code § 17200

DEMAND FOR JURY TRIAL

JUDGE RONALD L. BAUER
DEPT. CX103

*FILING ORDER ISSUED TO FILING PARTY*

*CLASS ACTION QUESTIONNAIRE ISSUED*

1

CLASS ACTION COMPLAINT FOR DAMAGES

330.00 CHK/CHK
OFFICEMAX NORTH AM
GONZALEZ
UNLIMITED CVL FILING; 0 PAID CHK/CHK
JMH 79N01 03/16/2007 13:20
UF 01070020259
07CC01228
COMPLEX CASE FEE - PLAI 550.00 PAID CHK/CHK
C1 JMH 79N01 03/16/2007 13:20

## GENERAL ALLEGATIONS

1.    PLAINTIFFS are authorized to bring this action pursuant to California Labor Code sections 95(a), 96.7, 98.3, 1194, 1194.5 and 2698 et seq. and pursuant to the power vested in Plaintiffs to enforce the provisions of the California Labor Code and the Industrial Welfare Commission. PLAINTIFFS have complied with the requirements of Labor Code § 2699.3 and received a letter from the Labor and Workforce Development Agency indicating the agency will not investigate the alleged violations.

2.    This Court is the proper Court, and this action is properly filed in the Superior Court of the State of California, County of Orange, because Defendants' obligations and liability arise in the County of Orange, because Defendants transact business in the County of Orange, and because a significant amount of the work which is the subject of this action was performed by Plaintiffs in the County of Orange.

3.    Plaintiff MAURICIO GONZALEZ (hereinafter referred to as "NAMED PLAINTIFF"), and other similarly situated current and former employees (hereinafter collectively referred to as "PLAINTIFFS") of Defendants OFFICE MAX and DOES 1 through 50 (hereinafter collectively referred to as "DEFENDANTS"), brings this Class Action on behalf of himself and other current and former employees of DEFENDANTS in the State of California, who are similarly situated, to recover, among other things, unpaid wages, interest, attorneys fees, penalties, costs, and expenses. NAMED PLAINTIFF reserves the right to name additional class representatives.

4.    PLAINTIFFS are current and former non-exempt employees of DEFENDANTS, and were employed by DEFENDANTS to work for a period of time within the four (4) years preceding the filing of this action.

5.    Defendant OFFICEMAX NORTH AMERICA, INC. (hereinafter referred to as "OFFICEMAX") is an Ohio corporation doing a majority of its business in California. PLAINTIFFS are further informed and believe, and thereon allege, that OFFICEMAX is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, OFFICE MAX conducts business in, and fails to provide its

2

**CLASS ACTION COMPLAINT FOR DAMAGES**

1 over 100 employees. There also are numerous former employees who were subjected to the
2 same illegal payroll practices and policies. Joinder of all current and former employees
3 individually would be impractical.

4        B.     This action involves common questions of law and fact to the potential
5 class because the action focuses on DEFENDANTS' denying its employees rest breaks, off-duty
6 meal periods and failing to pay employees overtime for work over 8 hours of work in a day
7 which was applied to all hourly employees in violation of the California Labor Code, and the
8 California Business and Professions Code which prohibits unfair business practices arising from
9 such violations.

10        C.     The claims of NAMED PLAINTIFFS are typical of the class because
11 DEFENDANTS subjected all of its hourly employees to the identical violations of the California
12 Labor Code and California Business and Professions Code.

13        D.     The NAMED PLAINTIFFS are able to fairly and adequately protect the
14 interests of all members of the class because it is in their best interests to prosecute the claims
15 alleged herein to obtain full compensation due to them for all services rendered and hours
16 worked.

17 <div align="center">**FIRST CAUSE OF ACTION**</div>

18 <div align="center">**(Failure to Provide Off-Duty Meal Periods and Required Compensation - Labor**</div>

19 <div align="center">**Code §§ 226.7 and 512 and Industrial Wage Commission Order No. 13-2001)**</div>

20       19.     PLAINTIFFS hereby reallege, and incorporate by reference as though fully set
21 forth herein, the allegations contained in paragraphs 1 through 18.

22       20.     From October 2002, and before, to the present, DEFENDANTS failed to comply
23 with California Labor Code sections 226.7 and 512 and section 11 of the Industrial Wage
24 Commission Order No. 13-2001 by failing to provide required off-duty meal periods to its
25 employees who worked more than 5 hours in a shift and a second meal period to Defendant's
26 employees who worked more than 10 hours in a work day. Defendant further violated Industrial
27 Wage Commission Order No. 13-2001 and Labor Code section 226.7 by failing to pay each of
28 its employees who was not provided with an off-duty meal period as required, an additional one

<div align="center">4</div>

<div align="center">CLASS ACTION COMPLAINT FOR DAMAGES</div>

1  hour of compensation at each employee's regular rate of pay for each day that DEFENDANTS
2  failed to provide the employee with the required off-duty meal period. This compensation, in an
3  amount of not less than $10,000,000.00 is owed and unpaid.

## SECOND CAUSE OF ACTION

### (Failure to Provide Rest Breaks and Required Compensation - Labor Code
### § 226.7 and Industrial Wage Commission Wage Order 13-2001)

7      21.      PLAINTIFFS hereby reallege, and incorporate by reference as though fully set
8  forth herein, the allegations contained in paragraphs 1 through 20.

9      22.      From October 2002 to the present, DEFENDANTS failed to comply with section
10  12 of Industrial Wage Commission Order No. 13-2001 and Labor Code section 226.7 by failing
11  to authorize and permit its employees to take required rest periods. Defendant further violated
12  Industrial Wage Commission Order No. 13-2001 and Labor Code section 226.7, by failing to
13  pay each of its employees who was not provided with a rest period as required under these
14  orders, an additional one hour of compensation at each employee's regular rate of pay for each
15  day that defendant failed to provide the employee with the required rest period. This
16  compensation, in an amount of not less than $10,000,000.00 is owed and unpaid.

## THIRD CAUSE OF ACTION

### (Failure to Pay Wages Due - Labor Code § 204)

19      23.      PLAINTIFFS incorporate herein by specific reference as though fully set forth
20  the allegations in paragraphs 1 through 22.

21      24.      Pursuant to California Labor Code section 204, DEFENDANTS were required to
22  pay PLAINTIFFS all wages earned on days designated in advance by the DEFENDANTS at
23  least twice during each calendar month.

24      25.      PLAINTIFFS were non-salaried employees entitled to the protections of
25  California Labor Code § 204. During the course of PLAINTIFFS' employment,
26  DEFENDANTS failed and fail to compensate PLAINTIFFS for all wages earned as required
27  under the foregoing provisions of the California Labor Code, by not paying its employees
28  overtime compensation for time worked after 8 hours in a work day or 40 hours in a work week,

5

## CLASS ACTION COMPLAINT FOR DAMAGES

1  not paying its employees the extra hour of wage for denying it employees rest breaks, and not
2  paying its employees the extra hour of compensation for each off-duty meal period denied. In
3  violation of state law, DEFENDANTS failed to pay the individual NAMED PLAINTIFFS
4  compensation for work and labor they performed for the DEFENDANTS as employees of
5  DEFENDANTS. As a result of Defendants' failure to provide an accurate and complete
6  itemized statement, Defendants are subject to a civil penalty pursuant California Labor Code
7  § 210.

8      26.    DEFENDANTS failed to pay numerous other persons who are similarly situated
9  to the individual NAMED PLAINTIFFS compensation for work and labor such others similarly
10  situated performed for the DEFENDANTS as employees of the DEFENDANTS.

11     27.    In violation of state law, DEFENDANTS have knowingly and willfully refused to
12  perform their obligations to compensate PLAINTIFFS for all wages earned and all hours
13  worked. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial
14  losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses
15  and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations
16  under state law, all to their respective damages in amounts according to proof at time of trial,
17  and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein
18  knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS,
19  from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS'
20  rights. PLAINTIFFS are thus entitled to recover nominal, actual, compensatory, punitive, and
21  exemplary damages in amounts according to proof at time of trial, and within the jurisdiction of
22  this Court.

23     28.    DEFENDANTS' conduct described herein violates Labor Code §§ 204.
24  Therefore, PLAINTIFFS are entitled to recover the unpaid balance of wages DEFENDANTS
25  owe PLAINTIFFS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

26  ///
27  ///
28  ///

6

**CLASS ACTION COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION

### (Failure to Indemnify Employee for All Necessary Expenditures or Losses Incurred)

29.   . Plaintiffs  incorporate herein by specific reference as though fully set for`th the allegations in paragraphs 1 through 28.

30.      Defendants failed to reimburse its employees for necessary expenses incurred in buying uniforms.  Further, Labor Code § 2802 states that:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or  his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Subsection (c) of Labor Code § 2802 further states that "[f]or purposes to this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by ths section."

31.      In this case, Plaintiffs and the class were required to incur costs for uniforms and maintenance required by Defendants.  As such, Plaintiffs, individually and on behalf of the Class, may bring this action for reimbursement for the uniforms, including interest, costs of suit and attorney's fees pursuant to § 2802(c).

32.      WHEREFORE, Plaintiffs and the Class are entitled to reimbursement for necessary expenditures and losses incurred by Plaintiffs and the Class Members in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendant, and as a result, incurred interest thereon, costs of suit and attorney's fees pursuant to § 2802(c).

## FIFTH CAUSE OF ACTION

### (Failure to Maintain Required Records – Labor Code § 226)

33.      PLAINTIFFS hereby reallege, and incorporate by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 28.

34.      For the four (4) years preceding the filing of this action, Defendants failed to comply with California Labor Code § 226, by failing to furnish PLAINTIFFS with an itemized statement that accurately reflected the gross wages earned and the net wages earned.  As a result

7

---

**CLASS ACTION COMPLAINT FOR DAMAGES**

1 | of Defendants' failure to provide an accurate and complete itemized statement, Defendants are
2 | subject to a civil penalty pursuant California Labor Code § 226.3.

3 | 35.    In violation of state law, DEFENDANTS have knowingly and willfully refused to
4 | perform their obligations to provide required off-duty meal periods, to provide compensation
5 | when meal periods are not provided, to compensate PLAINTIFFS for all wages earned and all
6 | hours worked, and to keep accurate time records of meal periods. As a direct result,
7 | PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and
8 | enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in
9 | seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their
10 | respective damages in amounts according to proof at time of trial, and within the jurisdiction of
11 | this Court. DEFENDANTS committed the acts alleged herein knowingly and willfully, with the
12 | wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting
13 | to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are thus entitled to
14 | recover the unpaid balance of compensation due, wages owed, interest, penalties, nominal,
15 | actual, compensatory, punitive, and exemplary damages, attorneys fees, and costs of suit in
16 | amounts according to proof at time of trial, and within the jurisdiction of this Court.

17 | <div align="center">**FIFTH CAUSE OF ACTION**</div>

18 | <div align="center">(Civil Penalties - Labor Code § 558)</div>

19 | 36.    PLAINTIFFS incorporate herein by specific reference as though fully set forth
20 | the allegations in paragraphs 1 through 35.

21 | 37.    By failing to pay its employees the amounts owed for denied rest periods and
22 | denied off-duty meal periods on the regular payday for the pay period in which these amounts
23 | first became due and payable, as required by Labor Code section 204, 510, 512, and Industrial
24 | Wage Commission Wage Order 13-2001, Defendant is liable for penalties pursuant to Labor
25 | Code § 558, in an amount not less than $10,000,000.00.

26 | 38.    In violation of state law, DEFENDANTS failed to pay the individual NAMED
27 | PLAINTIFFS compensation for work and labor they performed for the DEFENDANTS as
28 | employees of the DEFENDANTS, by instructing its managers to manipulate the time keeping

<div align="center">8</div>

<div align="center">CLASS ACTION COMPLAINT FOR DAMAGES</div>

1 system of its employees, deleting the actual clocked hours to reduce the number of hours
2 recorded, and depriving its employees their wages for the actual hours worked.

3      39.    DEFENDANTS failed to pay numerous other persons who are similarly situated
4 to the individual NAMED PLAINTIFFS compensation for the work and labor such others
5 similarly situated performed for the DEFENDANTS as employees of the DEFENDANTS.

6      40.    In violation of state law, DEFENDANTS have knowingly and willfully refused to
7 perform their obligations to compensate PLAINTIFFS for all wages earned and all hours
8 worked. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial
9 losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses
10 and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations
11 under state law, all to their respective damages in amounts according to proof at time of trial,
12 and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein
13 knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS,
14 from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS'
15 rights. PLAINTIFFS are thus entitled to recover the unpaid balance of wages earned, interest,
16 nominal, actual, compensatory, liquidated, punitive, and exemplary damages, attorneys fees,
17 and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this
18 Court.

19                          SIXTH CAUSE OF ACTION
20                   (Civil Penalties - Labor Code §§ 2698 et seq.)

21      41.    PLAINTIFFS incorporate herein by specific reference as though fully set forth
22 the allegations in paragraphs 1 through 40.

23      42.    By failing to pay its employees the amounts owed by failing to provide off-duty
24 meal periods, rest periods, and to pay earned overtime on the regular payday for the pay period
25 in which these amounts first became due and payable and provide an accurate itemized statement
26 that included gross wages earned and net wages earned, as required by Labor Code sections
27 204, 226, 226.7, 510 and 1194, and Industrial Wage Commission Wage Order 13-2001,
28 ///

9

CLASS ACTION COMPLAINT FOR DAMAGES

1 │ Defendant is liable for penalties pursuant to Labor Code section 210, 226.3 and 2699(f), in an
2 │ amount not less than $10,000,000.00.

3 │     43.    PLAINTIFFS were non-exempt employees entitled to the protections of
4 │ California Labor Code §§ 1194. During the course of PLAINTIFFS' employment,
5 │ DEFENDANTS failed to pay PLAINTIFFS compensation for work and labor they performed
6 │ for the DEFENDANTS as employees of the DEFENDANTS as required under the foregoing
7 │ provisions of the California Labor Code.

8 │     44.    In violation of state law, DEFENDANTS failed to pay the individual NAMED
9 │ PLAINTIFFS compensation for work and labor they performed for the DEFENDANTS as
10 │ employees of the DEFENDANTS, by instructing its managers to manipulate the time keeping
11 │ system of its employees, deleting the actual clocked hours to reduce the number of hours
12 │ recorded, and depriving its employees their wages for the actual hours worked.

13 │     45.    DEFENDANTS failed to pay numerous other persons who are similarly situated
14 │ to the individual NAMED PLAINTIFFS compensation for the work and labor such others
15 │ similarly situated performed for the DEFENDANTS as employees of the DEFENDANTS.

16 │     46.    In violation of state law, DEFENDANTS have knowingly and willfully refused to
17 │ perform their obligations to compensate PLAINTIFFS for all wages earned and all hours
18 │ worked. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial
19 │ losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses
20 │ and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations
21 │ under state law, all to their respective damages in amounts according to proof at time of trial,
22 │ and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein
23 │ knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS,
24 │ from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS'
25 │ rights. PLAINTIFFS are thus entitled to recover the unpaid balance of wages earned, interest,
26 │ nominal, actual, compensatory, liquidated, punitive, and exemplary damages, attorneys fees,
27 │ and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this
28 │ Court.

10

CLASS ACTION COMPLAINT FOR DAMAGES

1    SEVENTH CAUSE OF ACTION

2    (Violation of California Business and Professions Code § 17200)

3    47.    PLAINTIFFS hereby reallege, and incorporate by reference as though fully set

4    forth herein, the allegations contained in paragraphs 1 through 46.

5    48.    By violating the foregoing statutes, DEFENDANTS' acts constitute unfair and

6    unlawful business practices under California Business and Professions Code § 17200, *et seq*.

7    49.    DEFENDANTS' violation of California wage and hour laws constitutes a

8    business practice because it was done repeatedly over a significant period of time, and in a

9    systematic manner to the detriment of PLAINTIFFS.

10    50.    For the four (4) years preceding the filing of this action, PLAINTIFFS have

11    suffered damages and request damages and/or restitution of all monies and profits to be

12    disgorged from DEFENDANTS in an amount according to proof at time of trial, but within the

13    jurisdiction of this Court.

14    **PRAYER FOR RELIEF**

15    WHEREFORE, PLAINTIFFS pray for judgment as follows:

16    1.    For nominal damages;

17    2.    For compensatory damages;

18    3.    For restitution of all monies due to PLAINTIFFS, and disgorged profits from the

19    unlawful business practices of DEFENDANTS;

20    4.    For unpaid wages according to proof;

21    5.    For rest period compensation pursuant to Labor Code § 226.7 and Wage Order

22    10-2001;

23    6.    For meal period compensation pursuant to Labor Code § 226.7 and Wage Order

24    10-2001;

25    7.    For preliminary and permanent injunction enjoining the DEFENDANTS from

26    violating the relevant provisions of the Labor Code and the Industrial Welfare Commission

27    Orders;

28    ///

11

**CLASS ACTION COMPLAINT FOR DAMAGES**

8.      For civil penalties pursuant to Cal. Lab. Code §§ 210, 226.3, 558 and 2699, according to proof;

9.      For interest on the unpaid wages at 10% annum pursuant to Labor Code § 218.6, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

10.     For reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5, 2699, the Private Attorneys General Act, Code of Civil Procedure § 1021.5 and/or any other applicable provisions providing for attorneys' fees and costs;

11.     For exemplary or punitive damages in an amount appropriate according to law as may be shown or proven at trial;

12.     That the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action be certified as a Class Action.

13.     That Plaintiff be certified as the Representative of the Class.

14.     That Counsel for Plaintiff be confirmed as Class Counsel

15.     For such other and further relief that the Court may deem just and proper.

Dated: March 5, 2007                          Respectfully Submitted,

                                              RASTEGAR & MATERN

                                       By:
                                              Matthew J. Matern,
                                              Attorneys for PLAINTIFFS

12

## CLASS ACTION COMPLAINT FOR DAMAGES

1          ## DEMAND FOR JURY TRIAL

2          PLAINTIFFS hereby demands a jury trial with respect to all issues triable of right by

3   jury.

4   Dated: March 5, 2007                          Respectfully Submitted,

5                                                 RASTEGAR & MATERN

6

7                                          By: _____
                                                Matthew J. Matern
8                                               Attorneys for PLAINTIFFS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

## CLASS ACTION COMPLAINT FOR DAMAGES