WILLIAM P. KANNOW, Bar No. 71409
wkannow@perkinscoie.com
PERKINS COIE LLP
1620 26th Street
Sixth Floor, South Tower
Santa Monica, CA  90404-4013
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Defendants
OFFICEMAX INCORPORATED, a Delaware
corporation, and OFFICEMAX NORTH AMERICA,
INC., an Ohio corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MINTER, JR., individually and on behalf of all those similarly situated, | Case No. C07-02399 BZ |
| Plaintiff, | MEMORANDUM OF FACT AND LAW IN SUPPORT OF MOTION TO TRANSFER ACTION TO THE CENTRAL DISTRICT (SOUTHERN DIVISION) PURSUANT TO 28 U.S.C. 1404(a) |
| v. | |
| OFFICEMAX, INC., a Delaware corporation; OFFICEMAX, INC. fka BOISE CASCADE CORPORATION, a Delaware corporation; BOISE OFFICE SOLUTIONS, corporate form unknown; and, DOES 1 through 500, inclusive, | DATE:          June 20, 2007
TIME:          10:00 a.m.
CTRM:          G |
| Defendants. | |

Memo Of Fact And Law In Support Of Mtn To
Transfer To Central District (Southern District)
Case No. C07-02399 BZ

1

# TABLE OF CONTENTS

2

**Page**

3    I.    INTRODUCTION AND RELIEF REQUESTED .................................................. 1

4    II.   STATEMENT OF ISSUES ................................................................................ 1

     III.  RELEVANT FACTS ......................................................................................... 2

5    IV.   ARGUMENT ..................................................................................................... 3

6          A.   The Central District of California (Southern Division) Is the Proper
                Venue .......................................................................................................... 4

7          B.   The Statutory and Common Law Factors Weigh Heavily in Favor of
                the Transfer Requested .............................................................................. 4

8

9               1.   Plaintiff's Choice of Forum Deserves Little to No Weight Here ....... 5

10              2.   Convenience of the Parties Overwhelming Weighs in Favor of
                     the Transfer Requested ..................................................................... 6

11              3.   Convenience of the Witnesses Weighs in Favor of the Transfer
                     Requested ......................................................................................... 7

12              4.   Ease of Access to the Evidence Weighs in Favor of the
                     Transfer Requested ........................................................................... 9

13              5.   Consolidation With a Suit Pending in the Central District
                     Weighs in Favor of the Transfer Requested ................................... 10

14

15              6.   Local Interest in the Controversy Weighs in Favor of the
                     Requested Transfer ......................................................................... 12

16              7.   Familiarity of the Forum Is Inapplicable or Neutral Here .............. 12

                8.   The Location of Counsel Also Supports the Transfer
                     Requested ....................................................................................... 12

17   V.    CONCLUSION ............................................................................................... 13

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

*A. J. Indus., Inc. v. United States Dist. Court for the Cent. Dist. of Cal.*,
5       503 F.2d 384 (9th Cir. 1974) ....................................................................... 10

6   *Byerson v. Equifax Info. Servs., LLC*,
        467 F. Supp. 2d 627 (E.D. Va. 2006) ........................................................... 10

7
    *Carolina Cas. Co. v. Data Broad. Corp.*,
8       158 F. Supp. 2d 1044 (N.D. Cal. 2001) ................................................... passim

9   *Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987) ................................................... 5

10  *Paxonet Commc'ns., Inc. v. TranSwitch Corp.*,
        303 F. Supp. 2d 1027 (N.D. Cal. 2003) ........................................................ 11

11
    *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*,
12      720 F. Supp. 805 (N.D. Cal. 1989)) .............................................................. 11

13  *Van Dusen v. Barrack*,
        376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) ................................... 4

14
    *Wiley v. Trendwest Resorts, Inc.*,
15      No. C 04-4321 SBA, 2005 WL 1910934 (N.D. Cal. Aug. 10, 2005) .................... 10, 12

16  **Statutes**
    28 U.S.C. § 1391(a) ............................................................................................ 4
17  28 U.S.C. § 1391(c) ............................................................................................ 4
    28 U.S.C. § 1404(a) ................................................................................ 1, 3, 4, 13
18

19

20

21

22

23

24

25

26

27

28

Memo Of Fact And Law In Support Of Mtn To
                                    Transfer To Central District (Southern District)
                                    Case No. C07-02399 BZ

**MEMORANDUM OF FACT AND LAW IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER CASE TO THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT (SOUTHERN DIVISION) OF CALIFORNIA**

## I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiff, William Minter, Jr., commenced a putative wage and hour class action lawsuit against Defendants, OfficeMax Incorporated and OfficeMax North America, Inc. (hereinafter collectively "OfficeMax" or "Defendants") on March 21, 2007 in the Superior Court of the State of California for the County of Alameda.  Defendants were served April 3, 2007, and removed the action to this Court on May 3, 2007.  Because the vast majority of witnesses (including Plaintiff) and relevant evidence are located in southern California, and since there is a substantially similar—and previously filed—putative class action lawsuit already pending there, OfficeMax seeks to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Central District of California (Southern Division).  Such a transfer would best serve the convenience of the parties, witnesses, and the efficient administration of justice.

## II.    STATEMENT OF ISSUES

Do the convenience of the parties, the convenience of the witnesses, and the interests of justice support transferring this case to the Central District of California (Southern Division) where:

(a)    at all times relevant to this suit, the named plaintiff resided and worked in the Central District;

(b)    all or substantially all of the relevant witnesses (not located at OfficeMax's headquarters in Naperville, Illinois) work and/or reside in the Central District;

(c)    all or substantially all of the relevant documents (not maintained at OfficeMax's headquarters in Naperville, Illinois) are located in the Central District;

(c)    the parties' respective counsel reside in the Central District (Southern Division);

-1-

(d)     a substantially similar putative class action filed against
        one of the Defendants (with overlapping class
        members) is currently pending in the Central District
        (Southern Division), with which consolidation would
        be proper and would minimize costs, maximize judicial
        economy, and avoid duplicative and inconsistent
        results; and

(e)     none of the relevant acts pertaining to Plaintiff's claims
        occurred in the present forum.

### III.   RELEVANT FACTS

Plaintiff Minter's Complaint asserts eight claims for relief against OfficeMax arising under the California Labor Code, the California Business & Professions Code and the Unruh Civil Rights Act to recover damages and penalties for alleged unpaid wages, unpaid overtime, and missed rest and meal periods.

At all times relevant to this action, Mr. Minter resided and/or worked for OfficeMax in southern California within in the Central District of California. *See* Declaration of Kathy Powell ("Powell Decl.") ¶¶ 2-3. Mr. Minter was hired by OfficeMax on July 15, 2004 at store #625, located at 3665 Pacific Coast Highway, Torrance, California 90505. *Id.* ¶ 2. Mr. Minter voluntarily separated from OfficeMax on February 5, 2005, and was rehired on May 19, 2006 at store #628, located in Orange County at 16272 Beach Boulevard, Huntington Beach, California 92647. *Id.* Mr. Minter still works for OfficeMax at that location. *Id.* According to OfficeMax's personnel records, Mr. Minter's last known home address is 2729 Deerford St., Lakewood, California 90712. *Id.* ¶ 3.

To defend Mr. Minter's lawsuit to recover damages and penalties for alleged unpaid wages, unpaid overtime, and missed rest and meal periods, Defendants will rely on evidence and witnesses from the stores where he worked, and still works, and from the management and human resource divisions of OfficeMax that are responsible for the oversight of those stores—all located in the Central District of California. *See* Powell Decl. ¶¶ 2,4. Mr. Minter can show no connection to the Northern District of California other than his unexplained preference to file suit here. Mr. Minter does not reside in

1    northern California, never worked for OfficeMax in northern California, and is

2    represented by counsel located in <u>southern</u> California.  *See id.* ¶¶ 2-3.

3            Moreover, a nearly identical lawsuit (with overlapping class members) is already

4    pending against OfficeMax in the United States District Court for the Central District of

5    California (Southern Division).  Declaration of William P. Kannow ("Kannow Decl.").

6    ¶ 2, Ex. A.  That class action lawsuit, *Mauricio Gonzalez v. OfficeMax North America,*

7    *Inc.*, asserts nearly the same claims as this action for (1) failure to provide appropriate rest

8    and meal periods (Complaint ¶¶ 19-22); (2) failure to timely pay wages due to both

9    current and former employees (Complaint ¶¶ 23-38); (3) entitlement to penalties under

10   California Labor Code § 558 (Complaint ¶¶ 36-40); and (4) violation of California

11   Business and Professions Code § 17200 *et seq*. (Complaint ¶¶ 47-50).  *See id.*  The named

12   plaintiff in *Gonzalez* (Mauricio Gonzalez) worked for OfficeMax in Orange County,

13   California during all times relevant to his lawsuit, and has a last known address in Orange

14   County, California.  *See* Powell Decl. ¶ 19.  To defend Mr. Gonzalez's lawsuit to recover

15   damages and penalties for alleged unpaid wages, missed rest and meal periods, and

16   untimely wages, OfficeMax will rely on evidence and witnesses from the stores where he

17   worked and from the management and human resource divisions of OfficeMax that were

18   responsible for the oversight of those stores—again, all located in the Central District.

19   *See id.* ¶¶ 19-20.

20                            **IV.   ARGUMENT**

21            "For the convenience of parties and witnesses, in the interest of justice, a district

22   court may transfer any civil action to any other district or division where it might have

23   been brought."  28 U.S.C. § 1404(a).  Because this suit might have been brought in the

24   Central District of California (Southern Division), and the convenience of the parties and

25   witnesses, as well as the interest of justice, overwhelmingly weigh in favor of transfer to

26   the Central District of California (Southern Division), Defendants respectfully ask the

27   Court to transfer this case to that court.

28

**A.    The Central District of California (Southern Division) Is the Proper Venue.**

In determining the propriety for transfer under 1404(a), the Court must first determine that the suit "might have been brought" in the Central District. 28 U.S.C. § 1404(a); *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1047 (N.D. Cal. 2001). Here, there can be no doubt this case could – and should – have been brought in the United States District Court for the Central District of California. Defendants concede that they were subject to personal jurisdiction in the Central District of California and that a substantial part of the alleged events giving rise to the action, if they occurred at all, would have occurred within the Central District. *See* 28 U.S.C. § 1391(a), (c). Because – in the first instance – the case could have been brought in the Central District, the Court must consider whether transfer to that district is appropriate. *See* 28 U.S.C. § 1404(a)

**B.    The Statutory and Common Law Factors Weigh Heavily in Favor of the Transfer Requested.**

The statute directs courts to consider "the convenience of parties and witnesses" and the "interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice. . . . [T]he purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. . . ." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (internal quotation marks, citations, and footnote omitted).

The Court has articulated the appropriate factors to weigh in considering 1404(a) motions to transfer as follows:

(1)    plaintiff's choice of forum,

(2)    convenience of the parties,

(3)    convenience of the witnesses,

(4)    ease of access to the evidence,

(5)    familiarity of each forum with the applicable law,

(6)    feasibility of consolidation of other claims,

(7)    any local interest in the controversy, and

(8)    the relative court congestion and time of trial in each forum.

*Carolina Cas. Co.*, 158 F. Supp. 2d at 1048. Most of these factors heavily weigh in favor of transfer to the Central District of California (Southern Division), and none favors retaining this case in the Northern District.

### 1.    Plaintiff's Choice of Forum Deserves Little to No Weight Here.

While a plaintiff's choice of forum is generally afforded considerable weight, that deference is "substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *See Carolina Cas. Co.*, 158 F. Supp. 2d at 1048 (internal quotation marks and citation omitted). "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Further, "[i]f there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Carolina Cas. Co.*, 158 F. Supp. 2d at 1048. Finally, a plaintiff's choice of forum also receives considerably less weight where the plaintiff sues as a representative of a putative class. *Lou*, 834 F.2d at 739.

Here, Mr. Minter is not a resident of this district. *See* Powell Decl. ¶ 3. Mr. Minter never worked for OfficeMax in the Northern District, nor do any of his specific allegations have any connection to the Northern District. *See id.* ¶ 2. Mr. Minter's choice of forum therefore should be afforded only "minimal consideration." *See Lou*, 834 F.2d at 739. Further, Mr. Minter purports to represent a putative class, entitling his forum choice to even less weight. *See id.* Even Plaintiff's counsel are located within the Central District (Southern Division) of California. Because Mr. Minter has no connection to the Northern District, the only apparent explanation for his choice to file suit here is

1  forum-shopping.  But where there is "any indication that plaintiff's choice of forum is the

2  result of forum shopping, plaintiff's choice will be accorded little deference."  *Carolina*

3  *Cas. Co.*, 158 F. Supp. 2d at 1048.  Based on the foregoing facts, Mr. Minter's forum

4  choice is entitled to little weight, and the Court should afford his forum selection little to

5  no consideration.

6  
7  　　　　**2.　　Convenience of the Parties Overwhelming Weighs in Favor of the Transfer Requested.**

8  　　　　This is not a case of shifting the inconvenience from Defendants to Plaintiff.  As

9  was the case in *Carolina Casualty Co.*, "[l]itigating this case in the Northern District is not

10  obviously convenient for either party."  158 F. Supp. 2d at 1048.  In contrast, litigating in

11  the Central District (Southern Division) is more convenient for both parties.

12  　　　　According to OfficeMax's personnel records, Mr. Minter currently resides in the

13  Northern District of California.  Powell Decl. ¶ 3.  Additionally, at all times relevant to

14  this lawsuit (including present day), Mr. Minter has worked for OfficeMax within the

15  Central District in Orange and Los Angeles Counties.  *See id.* ¶ 2.  He will therefore likely

16  present witness testimony and other evidence located in the Central District.  Likewise,

17  Defendants intend to present evidence and witnesses located in the Central District in

18  Orange and Los Angeles Counties.  Both Mr. Minter's counsel of record and Defendants'

19  counsel of record also reside in Orange County, California.  Finally, OfficeMax is

20  currently defending a nearly identical – and previously filed – putative class action in the

21  Central District (Southern Division) where consolidation would likely be proper,

22  minimizing the costs to both parties in each case and avoiding inconsistent rulings and

23  results.  *See* Kannow Decl. ¶ 2.

24  　　　　Therefore, the convenience of both parties would be better served by transferring

25  the case to the Central District and heavily weighs in favor of the requested transfer.  The

26  mere fact that some putative class members' claims may have arisen out of employment

27  with OfficeMax in this forum is insignificant.  At best, such a claim is neutral, as other

28  putative class members also worked for OfficeMax in the Central District.

1

### 3.    Convenience of the Witnesses Weighs in Favor of the Transfer Requested.

2

3

Convenience of witnesses is an important factor in a § 1404(a) transfer motion.  In

4

establishing inconvenience to witnesses, the moving party must name the witnesses, state

5

their location, and explain their testimony and its relevance.  *Carolina Cas. Co.*, 158 F.

Supp. 2d at 1049.

6

7

Key witnesses to the broad employment policies and practices that Mr. Minter

8

alleges, as well as to his individual work experience in this case, will be the store

9

managers, assistant store managers, and supervisors at the OfficeMax stores where he

10

worked and continues to work.  *See* Powell Decl. ¶¶ 2, 4, 8.  Store managers and assistant

11

store managers at the stores at which Mr. Minter worked and continues to work include:

12

Anthony Jonas (Mr. Jonas separated from OfficeMax, but his last known address was in

13

southern California); Jesse Bustamante (Mr. Bustamante is the current store manager at

14

store #628 located in Orange County, California); Raymond Wright (Mr. Wright

15

separated from OfficeMax, but his last known address was in southern California); Sean

16

Ramsden (Mr. Ramsden separated from OfficeMax, but his last known address in

17

southern California); and Shannon Madison (Mr. Madison continues to work at store #628

18

located in Orange County, California).  *Id.* ¶¶ 9-12.  Likewise, during the times that

19

Mr. Minter worked (and continues to work) at store #625 and store #628, approximately

20

13 other supervisors also worked at those stores, each of whom either is still employed by

21

OfficeMax in southern California or has a last known address in southern California

22

according to OfficeMax's records.  *Id.* ¶¶ 13, 15.  Finally, during the relevant periods,

23

approximately 64 non-managerial and non-supervisory employees also worked at those

24

stores.  *Id.*  The store managers and assistant store managers, supervisors, and co-workers

25

will have relevant information regarding Mr. Minter's allegations of understaffing.  *See id.*

26

¶ 8.  The store managers, assistant store managers, supervisors, and/or co-workers at the

27

stores where Mr. Minter worked (and works) will have direct knowledge of the hours he

28

was asked to work; the policies for overtime, working "off-the-clock;" meal and rest

1  periods that were provided to him; and/or other issues specific to his overall work history

2  and experience. *See id.*

3      Both stores where Mr. Minter worked (and works) report to District Manager

4  Randy Harrison. *Id.* ¶ 16. Mr. Harrison has been employed with OfficeMax since

5  December 21, 1998 and has been the District Manager for these stores since January 20,

6  2003. *Id.* Mr. Harrison's base store is #610, located in Orange County at 13742 Jamboree

7  Road, Irvine, California 92602. *Id.* Mr. Harrison visits each store in his district

8  approximately once per month and oversees, among other things, implementation of

9  OfficeMax's policies and procedures and store staffing. *See id.* ¶ 17. Mr. Harrison

10  therefore has knowledge regarding application of OfficeMax's policies to the stores at

11  which Mr. Minter worked. *See id.* In addition, Mr. Harrison receives and responds to

12  employees' complaints and therefore has relevant knowledge and information regarding

13  the extent to which employees complained about the practices alleged by Mr. Minter in

14  his Complaint. *See id.* Because Mr. Harrison works in and resides in Orange County, it

15  would be substantially more convenient for him to participate in this action if it proceeds

16  in the Central District (Southern Division) rather than in the Northern District.

17      Another key witness regarding Mr. Minter's claims (as well as all putative class

18  members employed in the southern California market) will be Kathy Powell – the Field

19  Human Resources Manager for the southern California market. *Id.* ¶¶ 1, 4-5. In her

20  position, she covered both stores where Mr. Minter worked (and works). *Id.* ¶ 1. She is

21  based out of the OfficeMax Distribution Center in Garden Grove, Orange County,

22  California. *Id.* Ms. Powell also resides in Orange County, California. *Id.* She will have

23  relevant knowledge of OfficeMax's wage payment, time recording, rest break, and meal

24  period policies. *Id.* ¶ 5. Ms. Powell also receives and investigates individual employee

25  complaints and therefore will have relevant information regarding the extent to which

26  employees complained about the practices alleged by Mr. Minter in his Complaint. *See*

27  *id.* Indeed, she investigated complaints made by Mr. Gonzalez (the named plaintiff in the

28  related putative class action pending against Defendants' in the Central District) and,

therefore, will have relevant knowledge about the general allegations present in both Complaints. *See id.* ¶ 20. Because Ms. Powell works out of and resides in Orange County, it will be substantially more convenient for her to participate in this action if it proceeds in the Central District (Southern Division) rather than in the Northern District.

Finally, Market Training Manager Rhonda Lundberg will also provide relevant information regarding training on OfficeMax's policies including wage payment, time recording, rest breaks, and meal periods at stores in the southern California market. *Id.* ¶ 18. Ms. Lundberg works out of and resides in Orange County, California. *Id.* Therefore, it would be substantially more convenient for her to participate in this action if it proceeds in the Central District (Southern Division) rather than in the Northern District.

In contrast, Mr. Minter is unlikely to point to any key witnesses relevant to his claims who are located within the Northern District. Indeed, he will most-likely rely on witnesses located in Orange and Los Angeles Counties, as those are the individuals with whom and for whom he worked. Other relevant witnesses would likely be from out of state at OfficeMax's headquarters in Naperville, Illinois and would therefore be neutral factors in considering whether to transfer this action from the Northern to the Central District.

The convenience of all the potential witnesses heavily weighs in favor of transfer to the Central District.

**4.    Ease of Access to the Evidence Weighs in Favor of the Transfer Requested.**

Both stores where Mr. Minter worked are located in southern California, and the current store where he works is located within the Central District's Southern Division. *See* Powell Decl. ¶ 2. Therefore, much of the evidence regarding the stores where Plaintiff worked and the policies that were applied to him are located in the Central District, not the Northern District. Moreover, because Mr. Minter is a current southern California OfficeMax employee, his time and attendance documentation and personnel file are maintained at his current store (which is again located within the Central District).

1  *See id.* ¶¶ 6, 7.  His payroll records are housed in Naperville, Illinois, and are therefore a

2  neutral consideration in this transfer motion because the situs of those documents is

3  located in neither district.  *See id.* ¶ 7.  Few, if any, of Mr. Minter's files or other

4  documents relevant to his claims are likely to be located in the Northern District.

5  Therefore, the ease of access to evidence overwhelmingly weighs in favor of the transfer

6  requested.

7          **5.      Consolidation With a Suit Pending in the Central District Weighs in
                     Favor of the Transfer Requested.**
8

9          The probability of consolidation with a case pending in the district to which

10  transfer is sought is also relevant, and weights in favor of transfer.  *Carolina Cas. Co.*,

11  158 F. Supp. 2d at 1049.  Many courts, including this one, have held that the pendency of

12  related actions in the proposed transferee district and the desire to avoid multiple litigation

13  and inconsistent rulings is a major consideration.[1]  *See, e.g., A. J. Indus., Inc. v. United*

14  *States Dist. Court for the Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974); *Wiley v.*

15  *Trendwest Resorts, Inc.*, No. C 04-4321 SBA, 2005 WL 1910934, at *4 (N.D. Cal. Aug.

16  10, 2005) (weighing heavily the potential to consolidate two pending class actions against

17  the defendant).  <u>Indeed, courts have found this factor to support transfer even when other</u>

18  <u>considerations weigh against transfer</u>.  *See, e.g., Byerson v. Equifax Info. Servs., LLC*, 467

19  F. Supp. 2d 627, 635-37 (E.D. Va. 2006) (ordering transfer due to the ability to

20  consolidate the class action with pending class actions in the transferee district in order to

21  "avoid any risk of inconsistent rulings on class action issues" even where the other

22  § 1404(a) factors weighed against transfer).  This consideration is especially applicable to

23  related pending class actions, as consolidation will avoid inconsistent rulings on

24  complicated class issues, avoid the possibility that individual claims will fall through the

25  cracks, and facilitate large-scale settlement.  *See id.*

26

27

28  [1] Concurrent with the filing of this Motion, Defendants have filed their Notice of Pendency
    pursuant to Local Rule 3-13.

---

Memo Of Fact And Law In Support Of Mtn To
Transfer To Central District (Southern District)
Case No. C07-02399 BZ

1    "Federal Rule of Civil Procedure 42(a) permits consolidation of 'actions involving

2    a common question of law or fact.'"  *Paxonet Commc'ns., Inc. v. TranSwitch Corp.*, 303 F.

3    Supp. 2d 1027, 1028 (N.D. Cal. 2003) (quoting Rule 42(a)).  If common questions of law

4    and fact exist, consolidation lies within the discretion of the court.  *See id.* at 1028-29.

5    Here, courts weigh the interest in judicial convenience against the potential for delay,

6    confusion, and prejudice due to consolidation.  *Id.* (citing *Sw. Marine, Inc. v. Triple A*

7    *Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)).  The Court has consolidated

8    actions with common questions of law and fact even where there are additional issues not

9    present in both cases.  *See, e.g., id.* at 1029 (consolidating two patent infringement actions

10   where each required the court to construe the same three patents, and one of the actions

11   also required the court to construe an additional but related patent).

12       The two putative class actions against Defendants will require the evaluating court

13   to analyze the same OfficeMax employment policies regarding working "off-the-clock,"

14   overtime, rest and meal periods, timely payment of wages due and practices upon

15   separation (as well as the implementation of those policies) as applied to nonexempt

16   employees at OfficeMax stores in California.  Therefore, there are significant common

17   questions of fact and law between the two pending class actions; OfficeMax North

18   America, Inc. is a defendant in both cases and the putative classes substantially, if not

19   completely, overlap.  Further, there is no threat of delay by consolidating these actions

20   because both cases were initiated within a week of each other, less than 60 days ago, and

21   no discovery has yet been initiated.  There is also no other threat of prejudice or confusion

22   because the parties, facts, and issues are so closely related.  Consolidation of these actions

23   would conserve judicial resources, minimize the costs to the parties, facilitate easier

24   settlement options, and eliminate the potential for inconsistent rulings and results.  Indeed,

25   prejudice will likely occur if the cases are not consolidated, as the parties would face

26   much greater litigation costs and be subjected to potentially disparate rulings.

27       Accordingly, the potential consolidation of this action with the *Gonzalez* action

28   weighs heavily in favor of transferring this case to the Central District (Southern Division)

where the *Gonzalez* lawsuit is already pending.  As discussed, this is true even where the other factors may weigh *against* transfer, and here each factor supports the transfer requested or is, at best, neutral.

### 6.    Local Interest in the Controversy Weighs in Favor of the Requested Transfer.

Although both the Court and the Central District will have some interest in the class action allegations, at this point in the case, and before a class has been certified, it is Mr. Minter's individual allegations that are at issue.  Because Mr. Minter's allegations relate to his employment in southern California (and specifically in Orange County), the Central District has a greater interest in this suit, and this factor must heavily weigh in favor of the transfer requested.  *See Carolina Cas. Co.*, 158 F. Supp. 2d at 1050.

### 7.    Familiarity of the Forum Is Inapplicable or Neutral Here.

Because this lawsuit was brought under California state law and Defendants seek to transfer the case to another district *in* California, both districts have essentially the same familiarity with state law, and this factor is neutral.  *See Carolina Cas. Co.*, 158 F. Supp. 2d at 1049 (recognizing that familiarity with California law was neutral in a motion to transfer from the Northern District to the Central District).

### 8.    The Location of Counsel Also Supports the Transfer Requested.

Here, counsel for neither Mr. Minter nor Defendants reside in this district.  Instead, both maintain offices in Orange County.  Therefore, the residence of both parties' counsel in the Central District (Southern Division) weighs in favor of transfer to the Central District.  *See Wiley*, 2005 WL 1910934, at *6 (considering the fact that plaintiffs' counsel was in the proposed transferee district to tip the scale in favor of transfer despite the fact that the convenience factors did not appear to provide overwhelming support for transfer, because such proximate location of counsel would eliminate a significant amount of time and expense).

1

## V.    CONCLUSION

A balance of the factors outlined by the Court for considering motions to transfer venue under 28 U.S.C. § 1404(a) overwhelmingly weighs in favor of the transfer of this action to the United States District Court for the Central District of California (Southern Division).  Not a single factor weighs in favor of maintaining the action in the Northern District.  Instead, nearly every factor favors transfer, and the remainder are neutral. Furthermore, the existence of a nearly identical putative class action in the proposed transferee district weighs heavily in favor of transfer in order to promote judicial efficiency and economy of judicial resources, as well as to avoid having inconsistent rulings or results in the two overlapping class actions.  Accordingly, Defendants respectfully ask the Court to transfer this action to the Central District (Southern Division).

DATED:  May 10, 2007

PERKINS COIE LLP

By:  /s/ William P. Kannow
         William P. Kannow

Attorneys for Defendants
OFFICEMAX INCORPORATED and
OFFICEMAX NORTH AMERICA, INC.