1

WILLIAM P. KANNOW, Bar No. 71409

2

wkannow@perkinscoie.com
PERKINS COIE LLP

3

1620 26th Street
Sixth Floor, South Tower

4

Santa Monica, CA 90404-4013
Telephone: 310.788.9900

5

Facsimile: 310.788.3399

6

7

Attorneys for Defendants,
OFFICEMAX INCORPORATED, a Delaware

8

corporation and OFFICEMAX NORTH AMERICA,
INC., an Ohio corporation

9

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

19

20

| | |
|---|---|
| WILLIAM MINTER, JR., individually and on behalf of all those similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>OFFICEMAX, INC., a Delaware corporation; OFFICEMAX, INC. fka BOISE CASCADE CORPORATION, a Delaware corporation; BOISE OFFICE SOLUTIONS, corporate form unknown; and, DOES 1 through 500, inclusive,<br><br>               Defendants. | Case No. C07-02399 BZ<br><br>EXHIBIT A TO DECLARATION OF WILLIAM P. KANNOW IN SUPPORT OF MOTION TO TRANSFER ACTION TO THE CENTRAL DISTRICT (SOUTHERN DIVISION) PURSUANT TO 28 U.S.C. 1404(a)<br><br>[Local Rule 3-13] |

21

22

23

24

25

26

27

28

Exhibit A to Declaration of
William P. Kannow
Case No. C07-02399 BZ

1  WILLIAM P. KANNOW, Bar No. 71409
2  wkannow@perkinscoie.com
   PERKINS COIE LLP
3  1620 26th Street
   Sixth Floor, South Tower
   Santa Monica, CA  90404-4013
4  Telephone:  310.788.9900
   Facsimile:  310.788.3399
5
6  Attorneys for Defendant
   OFFICEMAX NORTH AMERICA, INC.

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11                                         SACV07-452 JVS(MLGx)

12  MAURICIO GONZALEZ, on behalf of    Case No.
    himself and all others similarly
13  situated,,                         NOTICE OF REMOVAL
                                       OF ACTION PURSUANT TO
14              Plaintiff,             28 U.S.C. §§ 1332, 1441, 1446, 1453
                                       [CLASS ACTION FAIRNESS ACT]
15       v.
16  OFFICEMAX NORTH AMERICA,           (Orange County Superior Court
    INC., and DOES 1 through 50,        Case No. 07CC01228)
17  inclusive,,
18              Defendants.
19

20       PLEASE TAKE NOTICE that Defendant OFFICEMAX NORTH

21  AMERICA, INC. ("OfficeMax"), by and through its undersigned counsel, hereby

22  removes this action to the United States District Court for the Central District of

23  California (Southern Division) pursuant to 28 U.S.C. §§ 1446 and 1453, invoking

24  this court's jurisdiction under 28 U.S.C. §§ 1332(d), 1441(a), and 1453(b).

25  Removal is proper for the following reasons.

26                        **BACKGROUND**

27       1.    On or about March 16, 2007, plaintiff Mauricio Gonzalez, on behalf of

28  himself and all others similarly situated ("Plaintiff"), commenced a putative class

57187-0042/LEGAL13183552.3

                                        NOTICE OF REMOVAL

1  action in the Superior Court of the State of California, County of Orange, entitled

2  *Mauricio Gonzalez v. OfficeMax North America, Inc.*, Case No. 07 CC01228

3  ("Complaint"). A copy of the Complaint is attached as Exhibit A.

4    2.    The Complaint purports to assert eight claims for relief against

5  OfficeMax stemming from Plaintiff's employment with Defendant and OfficeMax's

6  alleged failure comply with the requirements set forth in California Labor Code §§

7  204, 226, 226.7, 510, 512, 558, 1194, 2698 *et seq.*; Industrial Wage Commission

8  Order No. 13-2001; and California Business and Professions Code § 17200 *et seq.*

9                    **TIMELINESS OF REMOVAL**

10    3.    Plaintiff has not yet served OfficeMax with the Summons and

11  Complaint in this matter.

12    4.    Nonetheless, on April 24, 2007, OfficeMax filed its Answer in state

13  court. This Answer is attached as Exhibit B.

14    5.    Removal is timely because OfficeMax has not been served with the

15  Summons and Complaint, but has made a general appearance and filed its Answer

16  on April 24, 2007. 28 U.S.C. § 1446(b); Cal. Code of Civil Procedure, § 410.50(a);

17  *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000); *City of Ann Arbor*

18  *Employees Retirement Sys. v. Gecht*, 2007 WL 760568 *9 (N.D. Cal.).

19              **DIVERSITY JURISDICTION UNDER THE**

20        **CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(d)**

21    6.    Pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act

22  ("CAFA"), "the district courts shall have original jurisdiction of any civil action in

23  which the matter in controversy exceeds the sum or value of $ 5,000,000.00,

24  exclusive of interest and costs, and is a class action in which—(A) any member of a

25  class of plaintiffs is a citizen of a State different from any defendant . . ." As set

26  forth in greater detail below, Defendant removes this case pursuant to this

27  provision.

28

---

57187-0042/LEGAL13183552.3                    -2-                    NOTICE OF REMOVAL

**Diversity of Citizenship**

7.    Plaintiff Mauricio Gonzalez and/or at least one other member of the proposed plaintiff class is a citizen of California. *See* Complaint at ¶¶ 5, 8.

8.    OfficeMax, at the time Plaintiff commenced this action, was (and still is) a corporation incorporated under the laws of Ohio, with its principal place of business located in Illinois and, was thus, and is a citizen of Ohio and Illinois. *See* 28 U.S.C. § 1332(c).

9.    Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants one through fifty, inclusive, is irrelevant.

10.    Because at least one defendant is incorporated and has its principal place of business outside California, and one or more members of the proposed plaintiff class is a citizen of California, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

11.    There is no basis for the Court to refuse to exercise jurisdiction under 28 U.S.C. § 1332(d)(3) or (d)(4).  Along with the satisfaction of other applicable requirements, the fact that no defendant is incorporated or has its principal place of business within California is sufficient to confer jurisdiction.  28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) and § 1332(d)(4)(B).

**Amount in Controversy**

12.    On the face of Plaintiff's Complaint, the amount in controversy exceeds the sum or value of $5,000,000, as required by 28 U.S.C. § 1332(d)(2) and 1332(d)(6). See Complaint at ¶¶ 10, 22, 37 and 42.  By this allegation and the statements contained in this Notice of Removal, Defendant **does not concede** that Plaintiff and/or the putative class is entitled to any damages, including amounts in

1    excess of $ 5,000,000.  Nevertheless, the aggregated claims of individual class

2    members establishes an amount "in controversy" in excess of $ 5,000,000 exclusive

3    of interests and costs.  Plaintiff expressly alleges that he and the putative class

4    "have suffered and continue to suffer from loss of earnings in amounts as yet

5    unascertained, but subject to proof at trial . . . in an aggregate amount in excess of

6    $10,000,000.00."  Complaint at ¶ 10.  The federal amount-in-controversy

7    requirement is "presumptively satisfied" when the complaint alleges damages in

8    excess of $ 5,000,000.  *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998

9    (9th Cir. 2007).  Therefore, the required amount-in-controversy is presumptively

10   satisfied here.

**Size of the Proposed Class**

11   

12        13.    Plaintiff alleges that OfficeMax "fails to provide its employees with

13   mandated rest periods or compensate its employees for missed rest periods in the

14   County of Orange, where it operates and employs no less than 100 employees."

15   Complaint at ¶ 5.  As alleged by Plaintiff, the proposed class therefore includes 100

16   or more individuals.  Accordingly, 28 U.S.C. § 1332(d)(5)(B), which provides that

17   the district courts shall not have jurisdiction over class actions in which "the

18   number of members of all proposed plaintiff classes in the aggregate is less than

19   100," does not preclude jurisdiction over this action.

20        14.    Accordingly, all of the requirements for federal jurisdiction under 28

21   U.S.C. § 1332(d)(2) are satisfied, and removal of this action is proper under 28

22   U.S.C. §§ 1441, 1446, and 1453.

**VENUE**

23   

24        15.    Pursuant to 28 U.S.C. § 1441(a), 1446(a), and 1453(b), any action over

25   which the district court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)

26   may be removed to the Federal District Court for the district and division within

27   which such action is pending.  The action being removed was filed and is pending

28   in the California Superior Court of the County of Orange.  Accordingly, this Notice

1  of Removal is properly filed in the United States District Court for the Central

2  District of California, Southern Division.

3  <div align="center">**NOTICE OF REMOVAL**</div>

4      16.    Pursuant to 28 U.S.C. § 1446(d), OfficeMax will promptly serve on

5  Plaintiff and file with the Superior Court a "Notice to Adverse Party of Removal to

6  Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), OfficeMax will

7  also file with this Court a "Certificate of Service of Notice to Adverse Party of

8  Removal to Federal Court."

9

10      WHEREFORE, OfficeMax respectfully requests that the above referenced

11  State court action be removed to this Court, that this Court take such steps as are

12  necessary to achieve the removal of this matter from the Orange County Superior

13  Court, and that this Court make such other orders as may be appropriate to effect

14  the preparation and filing of a true record in this cause of all proceedings that may

15  have been had in the state court action.

16

17  DATED: April 24, 2007                **PERKINS COIE LLP**

18                                By: _____

19                                  William P. Kannow

20                                Attorneys for Defendant
                              OFFICEMAX NORTH AMERICA,
                              INC.

21

22

23

24

25

26

27

28

EXHIBIT "A" TO NOTICE OF REMOVAL

JH

MATTHEW J. MATERN (State Bar #159798)
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 Crenshaw Boulevard, Suite 100
Torrance, California 90501
Tel. (310) 218-5500
Fax.(310) 218-1155

Attorneys for Plaintiff Mauricio González and other
similarly situated current and former employees of
OfficeMax North America, Inc.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 16 2007

ALAN SLATER, Clerk of the Court

BY J. HAINES

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

MAURICIO GONZALEZ, on behalf of
himself and all others similarly situated,

    Plaintiffs,

    vs.

OFFICEMAX NORTH AMERICA, INC.,
and DOES 1 through 50, inclusive,

    Defendants.

CASE NO. 07CC01228

CLASS ACTION COMPLAINT FOR
DAMAGES FOR:

1. Failure to Provide Off-Duty Meal
   Periods and Required Compensation -
   Labor Code §§ 226.7 and 512 and
   Industrial Wage Commission Wage
   Order 13-2001;

2. Failure to Provide Rest Breaks and
   Required Compensation - Labor Code
   § 226.7 and Industrial Wage
   Commission Wage Order 13-2001;

3. Failure to Pay Wages Due - Labor
   Code § 204;

4. Failure to Indemnify Employees for
   All Necessary Expenditures or Losses
   Incurred;

5. Failure to Maintain Required Records
   – Labor Code § 226;

6. Civil Penalties - Labor Code § 558;

7. Civil Penalties - Labor Code § 2698 et
   seq.;

8. Violation of California Business and
   Professions Code § 17200

DEMAND FOR JURY TRIAL

CLASS ACTION QUESTIONNAIRE ISSUED

FILING ORDER ISSUED TO FILING PARTY

JUDGE RONALD L. BAUER
DEPT. CX103

1

CLASS ACTION COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1.    PLAINTIFFS are authorized to bring this action pursuant to California Labor Code sections 95(a), 96.7, 98.3, 1194, 1194.5 and 2698 et seq. and pursuant to the power vested in Plaintiffs to enforce the provisions of the California Labor Code and the Industrial Welfare Commission.  PLAINTIFFS have complied with the requirements of Labor Code § 2699.3 and received a letter from the Labor and Workforce Development Agency indicating the agency will not investigate the alleged violations.

2.    This Court is the proper Court, and this action is properly filed in the Superior Court of the State of California, County of Orange, because Defendants' obligations and liability arise in the County of Orange, because Defendants transact business in the County of Orange, and because a significant amount of the work which is the subject of this action was performed by Plaintiffs in the County of Orange.

3.    Plaintiff MAURICIO GONZALEZ (hereinafter referred to as "NAMED PLAINTIFF"), and other similarly situated current and former employees (hereinafter collectively referred to as "PLAINTIFFS") of Defendants OFFICE MAX and DOES 1 through 50 (hereinafter collectively referred to as "DEFENDANTS"), brings this Class Action on behalf of himself and other current and former employees of DEFENDANTS in the State of California, who are similarly situated, to recover, among other things, unpaid wages, interest, attorneys fees, penalties, costs, and expenses.  NAMED PLAINTIFF reserves the right to name additional class representatives.

4.    PLAINTIFFS are current and former non-exempt employees of DEFENDANTS, and were employed by DEFENDANTS to work for a period of time within the four (4) years preceding the filing of this action.

5.    Defendant OFFICEMAX NORTH AMERICA, INC. (hereinafter referred to as "OFFICEMAX") is an Ohio corporation doing a majority of its business in California. PLAINTIFFS are further informed and believe, and thereon allege, that OFFICEMAX is authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, OFFICE MAX conducts business in, and fails to provide its

2

**CLASS ACTION COMPLAINT FOR DAMAGES**

1  employees with mandated rest periods or compensate its employees for missed rest periods in

2  the County of Orange, where it operates and employs no less than 100 employees.

3       6.    At all times mentioned herein, Defendants were subject to the Labor Code of

4  California and to Industrial Wage Commission Order 13-2001.

5       7.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to

6  NAMED PLAINTIFFS, who therefore sue said DOE Defendants by fictitious names. NAMED

7  PLAINTIFFS will amend this Complaint to show their true names and capacities when they

8  have been ascertained.

9       8.    At all relevant times herein, PLAINTIFFS were employed by OFFICEMAX, in

10  the State of California, under an employment agreement that was partly written, partly oral, and

11  partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each

12  of them, acted pursuant to and in furtherance of a policy and practice of not providing

13  PLAINTIFFS with their rest periods and also not paying PLAINTIFFS their full wages, in

14  violation of California Labor Code §§ 204, 226, 226.7, 510, 512, 1194.

15       9.    PLAINTIFFS are informed and believe and thereon allege that each and every of

16  the acts and omissions alleged herein were performed by, and/or attributable to, all

17  DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control

18  of each of the other DEFENDANTS, and that said acts and failures to act were within the

19  course and scope of said agency, employment and/or direction and control.

20       10.    As a direct and proximate result of the unlawful actions of DEFENDANTS,

21  PLAINTIFFS have suffered and continue to suffer from loss of earnings in amounts as yet un-

22  ascertained, but subject to proof at trial, within the jurisdiction of this Court, in an aggregate

23  amount in excess of $10,000,000.00.

24

25                               **CLASS ACTION DESIGNATION**

26       11.    This action is appropriately suited for a Class Action because:

          A.    The potential class is a significant number. NAMED PLAINTIFFS are

27  informed and believe and thereon alleges that DEFENDANTS employed at any one time over

28  100 hourly employees in the State of California, with a total class estimated to be significantly

3

**CLASS ACTION COMPLAINT FOR DAMAGES**

1  over 100 employees. There also are numerous former employees who were subjected to the

2  same illegal payroll practices and policies. Joinder of all current and former employees

3  individually would be impractical.

4          B.     This action involves common questions of law and fact to the potential

5  class because the action focuses on DEFENDANTS' denying its employees rest breaks, off–duty

6  meal periods and failing to pay employees overtime for work over 8 hours of work in a day

7  which was applied to all hourly employees in violation of the California Labor Code, and the

8  California Business and Professions Code which prohibits unfair business practices arising from

9  such violations.

10          C.     The claims of NAMED PLAINTIFFS are typical of the class because

11  DEFENDANTS subjected all of its hourly employees to the identical violations of the California

12  Labor Code and California Business and Professions Code.

13          D.     The NAMED PLAINTIFFS are able to fairly and adequately protect the

14  interests of all members of the class because it is in their best interests to prosecute the claims

15  alleged herein to obtain full compensation due to them for all services rendered and hours

16  worked.

17                              FIRST CAUSE OF ACTION

18          (Failure to Provide Off-Duty Meal Periods and Required Compensation - Labor

19          Code §§ 226.7 and 512 and Industrial Wage Commission Order No. 13-2001)

20          19.    PLAINTIFFS hereby reallege, and incorporate by reference as though fully set

21  forth herein, the allegations contained in paragraphs 1 through 18.

22          20.    From October 2002, and before, to the present, DEFENDANTS failed to comply

23  with California Labor Code sections 226.7 and 512 and section 11 of the Industrial Wage

24  Commission Order No. 13-2001 by failing to provide required off-duty meal periods to its

25  employees who worked more than 5 hours in a shift and a second meal period to Defendant's

26  employees who worked more than 10 hours in a work day. Defendant further violated Industrial

27  Wage Commission Order No. 13-2001 and Labor Code section 226.7 by failing to pay each of

28  its employees who was not provided with an off-duty meal period as required, an additional one

<div align="center">4</div>

---

<div align="center">CLASS ACTION COMPLAINT FOR DAMAGES</div>

1  hour of compensation at each employee's regular rate of pay for each day that DEFENDANTS

2  failed to provide the employee with the required off-duty meal period. This compensation, in an

3  amount of not less than $10,000,000.00 is owed and unpaid.

SECOND CAUSE OF ACTION

(Failure to Provide Rest Breaks and Required Compensation - Labor Code
§ 226.7 and Industrial Wage Commission Wage Order 13-2001)

7      21.    PLAINTIFFS hereby reallege, and incorporate by reference as though fully set

8  forth herein, the allegations contained in paragraphs 1 through 20.

9      22.    From October 2002 to the present, DEFENDANTS failed to comply with section

10  12 of Industrial Wage Commission Order No. 13-2001 and Labor Code section 226.7 by failing

11  to authorize and permit its employees to take required rest periods. Defendant further violated

12  Industrial Wage Commission Order No. 13-2001 and Labor Code section 226.7, by failing to

13  pay each of its employees who was not provided with a rest period as required under these

14  orders, an additional one hour of compensation at each employee's regular rate of pay for each

15  day that defendant failed to provide the employee with the required rest period. This

16  compensation, in an amount of not less than $10,000,000.00 is owed and unpaid.

THIRD CAUSE OF ACTION

(Failure to Pay Wages Due - Labor Code § 204)

19      23.    PLAINTIFFS incorporate herein by specific reference as though fully set forth

20  the allegations in paragraphs 1 through 22.

21      24.    Pursuant to California Labor Code section 204, DEFENDANTS were required to

22  pay PLAINTIFFS all wages earned on days designated in advance by the DEFENDANTS at

23  least twice during each calendar month.

24      25.    PLAINTIFFS were non-salaried employees entitled to the protections of

25  California Labor Code § 204. During the course of PLAINTIFFS' employment,

26  DEFENDANTS failed and fail to compensate PLAINTIFFS for all wages earned as required

27  under the foregoing provisions of the California Labor Code, by not paying its employees

28  overtime compensation for time worked after 8 hours in a work day or 40 hours in a work week,

5

CLASS ACTION COMPLAINT FOR DAMAGES

1   not paying its employees the extra hour of wage for denying it employees rest breaks, and not

2   paying its employees the extra hour of compensation for each off-duty meal period denied. In

3   violation of state law, DEFENDANTS failed to pay the individual NAMED PLAINTIFFS

4   compensation for work and labor they performed for the DEFENDANTS as employees of

5   DEFENDANTS. As a result of Defendants' failure to provide an accurate and complete

6   itemized statement, Defendants are subject to a civil penalty pursuant California Labor Code

7   § 210.

8        26.    DEFENDANTS failed to pay numerous other persons who are similarly situated

9   to the individual NAMED PLAINTIFFS compensation for work and labor such others similarly

10  situated performed for the DEFENDANTS as employees of the DEFENDANTS.

11       27.    In violation of state law, DEFENDANTS have knowingly and willfully refused to

12  perform their obligations to compensate PLAINTIFFS for all wages earned and all hours

13  worked. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial

14  losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses

15  and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations

16  under state law, all to their respective damages in amounts according to proof at time of trial,

17  and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein

18  knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS,

19  from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS'

20  rights. PLAINTIFFS are thus entitled to recover nominal, actual, compensatory, punitive, and

21  exemplary damages in amounts according to proof at time of trial, and within the jurisdiction of

22  this Court.

23       28.    DEFENDANTS' conduct described herein violates Labor Code §§ 204.

24  Therefore, PLAINTIFFS are entitled to recover the unpaid balance of wages DEFENDANTS

25  owe PLAINTIFFS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

26  ///

27  ///

28  ///

6

**CLASS ACTION COMPLAINT FOR DAMAGES**

13

## FOURTH CAUSE OF ACTION

**(Failure to Indemnify Employee for All Necessary Expenditures or Losses Incurred)**

29.   Plaintiffs incorporate herein by specific reference as though fully set for`th the allegations in paragraphs 1 through 28.

30.   Defendants failed to reimburse its employees for necessary expenses incurred in buying uniforms.  Further, Labor Code § 2802 states that:

> (a)  An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Subsection (c) of Labor Code § 2802 further states that "[f]or purposes to this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

31.   In this case, Plaintiffs and the class were required to incur costs for uniforms and maintenance required by Defendants.  As such, Plaintiffs, individually and on behalf of the Class, may bring this action for reimbursement for the uniforms, including interest, costs of suit and attorney's fees pursuant to § 2802(c).

32.   WHEREFORE, Plaintiffs and the Class are entitled to reimbursement for necessary expenditures and losses incurred by Plaintiffs and the Class Members in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendant, and as a result, incurred interest thereon, costs of suit and attorney's fees pursuant to § 2802(c).

## FIFTH CAUSE OF ACTION

**(Failure to Maintain Required Records – Labor Code § 226)**

33.   PLAINTIFFS hereby reallege, and incorporate by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 28.

34.   For the four (4) years preceding the filing of this action, Defendants failed to comply with California Labor Code § 226, by failing to furnish PLAINTIFFS with an itemized statement that accurately reflected the gross wages earned and the net wages earned.  As a result

7

---

**CLASS ACTION COMPLAINT FOR DAMAGES**

1  of Defendants' failure to provide an accurate and complete itemized statement, Defendants are

2  subject to a civil penalty pursuant California Labor Code § 226.3.

3      35.    In violation of state law, DEFENDANTS have knowingly and willfully refused to

4  perform their obligations to provide required off-duty meal periods, to provide compensation

5  when meal periods are not provided, to compensate PLAINTIFFS for all wages earned and all

6  hours worked, and to keep accurate time records of meal periods. As a direct result,

7  PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and

8  enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in

9  seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their

10  respective damages in amounts according to proof at time of trial, and within the jurisdiction of

11  this Court. DEFENDANTS committed the acts alleged herein knowingly and willfully, with the

12  wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting

13  to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are thus entitled to

14  recover the unpaid balance of compensation due, wages owed, interest, penalties, nominal,

15  actual, compensatory, punitive, and exemplary damages, attorneys fees, and costs of suit in

16  amounts according to proof at time of trial, and within the jurisdiction of this Court.

17  <div align="center">FIFTH CAUSE OF ACTION</div>

18  <div align="center">(Civil Penalties - Labor Code § 558)</div>

19      36.    PLAINTIFFS incorporate herein by specific reference as though fully set forth

20  the allegations in paragraphs 1 through 35.

21      37.    By failing to pay its employees the amounts owed for denied rest periods and

22  denied off-duty meal periods on the regular payday for the pay period in which these amounts

23  first became due and payable, as required by Labor Code section 204, 510, 512, and Industrial

24  Wage Commission Wage Order 13-2001, Defendant is liable for penalties pursuant to Labor

25  Code § 558, in an amount not less than $10,000,000.00.

26      38.    In violation of state law, DEFENDANTS failed to pay the individual NAMED

27  PLAINTIFFS compensation for work and labor they performed for the DEFENDANTS as

28  employees of the DEFENDANTS, by instructing its managers to manipulate the time keeping

<div align="center">8</div>

<div align="center">CLASS ACTION COMPLAINT FOR DAMAGES</div>

1 system of its employees, deleting the actual clocked hours to reduce the number of hours
2 recorded, and depriving its employees their wages for the actual hours worked.

3     39.    DEFENDANTS failed to pay numerous other persons who are similarly situated
4 to the individual NAMED PLAINTIFFS compensation for the work and labor such others
5 similarly situated performed for the DEFENDANTS as employees of the DEFENDANTS.

6     40.    In violation of state law, DEFENDANTS have knowingly and willfully refused to
7 perform their obligations to compensate PLAINTIFFS for all wages earned and all hours
8 worked. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial
9 losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses
10 and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations
11 under state law, all to their respective damages in amounts according to proof at time of trial,
12 and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein
13 knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS,
14 from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS'
15 rights. PLAINTIFFS are thus entitled to recover the unpaid balance of wages earned, interest,
16 nominal, actual, compensatory, liquidated, punitive, and exemplary damages, attorneys fees,
17 and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this
18 Court.

19 <center>**SIXTH CAUSE OF ACTION**</center>

20 <center>**(Civil Penalties - Labor Code §§ 2698 et seq.)**</center>

21     41.    PLAINTIFFS incorporate herein by specific reference as though fully set forth
22 the allegations in paragraphs 1 through 40.

23     42.    By failing to pay its employees the amounts owed by failing to provide off-duty
24 meal periods, rest periods, and to pay earned overtime on the regular payday for the pay period
25 in which these amounts first became due and payable and provide an accurate itemized statement
26 that included gross wages earned and net wages earned, as required by Labor Code sections
27 204, 226, 226.7, 510 and 1194, and Industrial Wage Commission Wage Order 13-2001,
28 ///

<center>9</center>

<center>**CLASS ACTION COMPLAINT FOR DAMAGES**</center>

1 | *Defendant is liable for penalties pursuant to Labor Code section 210, 226.3 and 2699(f), in an*

2 | amount not less than $10,000,000.00.

3 |     43.    PLAINTIFFS were non-exempt employees entitled to the protections of

4 | California Labor Code §§ 1194. During the course of PLAINTIFFS' employment,

5 | DEFENDANTS failed to pay PLAINTIFFS compensation for work and labor they performed

6 | for the DEFENDANTS as employees of the DEFENDANTS as required under the foregoing

7 | provisions of the California Labor Code.

8 |     44.    In violation of state law, DEFENDANTS failed to pay the individual NAMED

9 | PLAINTIFFS compensation for work and labor they performed for the DEFENDANTS as

10 | employees of the DEFENDANTS, by instructing its managers to manipulate the time keeping

11 | system of its employees, deleting the actual clocked hours to reduce the number of hours

12 | recorded, and depriving its employees their wages for the actual hours worked.

13 |     45.    DEFENDANTS failed to pay numerous other persons who are similarly situated

14 | to the individual NAMED PLAINTIFFS compensation for the work and labor such others

15 | similarly situated performed for the DEFENDANTS as employees of the DEFENDANTS.

16 |     46.    In violation of state law, DEFENDANTS have knowingly and willfully refused to

17 | perform their obligations to compensate PLAINTIFFS for all wages earned and all hours

18 | worked. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial

19 | losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses

20 | and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations

21 | under state law, all to their respective damages in amounts according to proof at time of trial,

22 | and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein

23 | knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS,

24 | from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS'

25 | rights. PLAINTIFFS are thus entitled to recover the unpaid balance of wages earned, interest,

26 | nominal, actual, compensatory, liquidated, punitive, and exemplary damages, attorneys fees,

27 | and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this

28 | Court.

<br>

10

**CLASS ACTION COMPLAINT FOR DAMAGES**

## SEVENTH CAUSE OF ACTION

### (Violation of California Business and Professions Code § 17200)

47.     PLAINTIFFS hereby reallege, and incorporate by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 46.

48.     By violating the foregoing statutes, DEFENDANTS' acts constitute unfair and unlawful business practices under California Business and Professions Code § 17200, et seq.

49.     DEFENDANTS' violation of California wage and hour laws constitutes a business practice because it was done repeatedly over a significant period of time, and in a systematic manner to the detriment of PLAINTIFFS.

50.     For the four (4) years preceding the filing of this action, PLAINTIFFS have suffered damages and request damages and/or restitution of all monies and profits to be disgorged from DEFENDANTS in an amount according to proof at time of trial, but within the jurisdiction of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1.     For nominal damages;

2.     For compensatory damages;

3.     For restitution of all monies due to PLAINTIFFS, and disgorged profits from the unlawful business practices of DEFENDANTS;

4.     For unpaid wages according to proof;

5.     For rest period compensation pursuant to Labor Code § 226.7 and Wage Order 10-2001;

6.     For meal period compensation pursuant to Labor Code § 226.7 and Wage Order 10-2001;

7.     For preliminary and permanent injunction enjoining the DEFENDANTS from violating the relevant provisions of the Labor Code and the Industrial Welfare Commission Orders;

///

11

---

**CLASS ACTION COMPLAINT FOR DAMAGES**

18

8.    For civil penalties pursuant to Cal. Lab. Code §§ 210, 226.3, 558 and 2699, according to proof;

9.    For interest on the unpaid wages at 10% annum pursuant to Labor Code § 218.6, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

10.    For reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5, 2699, the Private Attorneys General Act, Code of Civil Procedure § 1021.5 and/or any other applicable provisions providing for attorneys' fees and costs;

11.    For exemplary or punitive damages in an amount appropriate according to law as may be shown or proven at trial;

12.    That the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action be certified as a Class Action.

13.    That Plaintiff be certified as the Representative of the Class.

14.    That Counsel for Plaintiff be confirmed as Class Counsel

15.    For such other and further relief that the Court may deem just and proper.

Dated: March 5, 2007

Respectfully Submitted,

RASTEGAR & MATERN

By: _____

Matthew J. Matern,
Attorneys for PLAINTIFFS

12

CLASS ACTION COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: March 5, 2007

Respectfully Submitted,

RASTEGAR & MATERN

By: _____
Matthew J. Matern
Attorneys for PLAINTIFFS

13

CLASS ACTION COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MATTHEW J. MATERN<br>MATTHEW J. MATERN (STATE BAR #159798)<br>RASTEGAR & MATERN, ATTORNEYS AT LAW, APC<br>1010 CRENSHAW BLVD., SUITE 100<br>TORRANCE, CALIFORNIA 90501-2056 | |

TELEPHONE NO.: (310) 218-5500   FAX NO.:

ATTORNEY FOR (Name): MAURICIO GONZALEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE  ~~Clerk of the Superior Court~~
STREET ADDRESS: ~~700 CIVIC CENTER DRIVE WEST~~
MAILING ADDRESS: ~~700 CIVIC CENTER DRIVE WEST~~  341 The City Drive
CITY AND ZIP CODE: SANTA ANA, CALIFORNIA 92701 Santa Ana Blvd.
BRANCH NAME: CENTRAL DISTRICT  Santa Ana, Ca 92701

CASE NAME: GONZALEZ VS. OFFICEMAX NORTH AMERICA, INC.

*07CC01228*

07CC01228

JUDGE RONALD L. BAUER
DEPT. CX103

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER: |

Items 1-5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify): EIGHT (8)

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 15, 2007

MATTHEW J. MATERN
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 204.8 and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability *(e.g., slip and fall)*
  Intentional Bodily Injury/PD/WD *(e.g., assault, vandalism)*
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights *(e.g., discrimination, false arrest)* *(not civil harassment)* (08)
Defamation *(e.g., slander, libel)* (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections *(e.g., money owed, open book accounts)* (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property *(e.g., quiet title)* (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

EXHIBIT "B" TO NOTICE OF REMOVAL

**ELECTRONICALLY FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Apr 24 2007**

ALAN SLATER, Clerk of the Court
by M.Dominguez

$320.
$550.

1  WILLIAM P. KANNOW (SBN 71409)
   wkannow@perkinscoie.com
2  **PERKINS COIE LLP**
   1620 26th Street
3  Sixth Floor, South Tower
   Santa Monica, CA  90404-4013
4  Telephone:  310.788.9900
   Facsimile:  310.788.3399
5  WKannow@perkinscoie.com

6  Attorneys for Defendant
   OFFICEMAX NORTH AMERICA, INC.
7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF ORANGE, CIVIL COMPLEX CENTER

10

| | |
|---|---|
| 11  MAURICIO GONZALEZ, on behalf of himself and all other similarly situated, | No. 07 CC01228 |
| 12 | **ANSWER TO UNVERIFIED COMPLAINT** |
| 13       Plaintiffs, | |
| 14  v. | CLASS ACTION |
| 15  OFFICEMAX NORTH AMERICA, INC., and DOES 1 through 30, inclusive, | Hon. Ronald L. Bauer Civil Complex Center Dept. CX-103 |
| 16       Defendants. | |
| 17 | Complaint Filed:  March 16, 2007 |

18       Defendant, OfficeMax North America, Inc., an Ohio corporation ("OfficeMax" or

19  "Defendant"), for itself alone and for no other, answers the unverified Complaint of

20  Plaintiff, as follows:

21       1.     Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

22  OfficeMax denies, both generally and specifically, each and every allegation contained in

23  the unverified Complaint, and the whole thereof, and further denies that Plaintiff, or any

24  member of the alleged putative class, was damaged in the manner or sum alleged, or in

25  any other manner or sums whatsoever or at all.

26

27

28

ANSWER TO UNVERIFIED COMPLAINT

57187-0001/LEGAL13158635.2

23

## AFFIRMATIVE DEFENSES

AS AND FOR ITS AFFIRMATIVE DEFENSES TO THE INDIVIDUAL AND PUTATIVE CLASS CLAIMS CONTAINED IN THE COMPLAINT, DEFENDANT ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure To State A Claim)

2.    The Complaint, and each purported cause of action thereof, fails to state facts sufficient to constitute a cause of action against the Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute Of Limitations)

3.    Defendant is informed and believes that Plaintiff's claims, and each of them, are barred by applicable statutes of limitations contained in California Code of Civil Procedure sections 335.1, 337, 338(a), 339 and 340(a) and/or (b).

### THIRD AFFIRMATIVE DEFENSE

#### (Failure To Exhaust Administrative And Contractual Remedies)

4.    Defendant is informed and believes that the Complaint, and each purported cause of action thereof, is barred and/or mitigated because Plaintiff failed to exhaust his administrative, employment and contractual remedies.

### FOURTH AFFIRMATIVE DEFENSE

#### (Hours Worked)

5.    Defendant is informed and believes that the Complaint, and each cause of action contained therein, is barred because the time that Plaintiff alleges was not compensated did not constitute "hours worked" within the meaning of the California Labor Code, the California Code of Regulations, and California Industrial Welfare Commission Wage Orders.

-2-

57187-0001/LEGAL13158635.2

1

### FIFTH AFFIRMATIVE DEFENSE

2

#### (Preparatory and Concluding Activities)

3    6.    Defendant is informed and believes that the Complaint is barred because the time

4 that Plaintiff alleges was not properly compensated was spent on preparatory and concluding

5 activities for which no compensation was due.

6

### SIXTH AFFIRMATIVE DEFENSE

7

#### (Failure To Observe Company Policies And Directives)

8    7.    To the extent Plaintiff was not properly compensated for hours worked, such time

9 was worked in direct contravention to explicit and repeated directions of Defendant that Plaintiff

10 not work during such time, and notwithstanding explicit company policies and/or practices that

11 employees only work assigned hours, and take all allowable meal and rest periods provided by

12 law.

13

### SEVENTH AFFIRMATIVE DEFENSE

14

#### (Unclean Hands)

15    8.    The Complaint, and each purported claim for relief contained therein, is barred by

16 Plaintiff's own unclean hands and other inequitable conduct.

17

### EIGHTH AFFIRMATIVE DEFENSE

18

#### (Waiver, Release And Estoppel)

19    9.    Plaintiff's claims, and each of them, are barred by the doctrines of waiver, release

20 and/or estoppel.

21

### NINTH AFFIRMATIVE DEFENSE

22

#### (Laches)

23    10.    The Complaint, and each purported claim thereof, is barred by the doctrine of

24 laches.

25

### TENTH AFFIRMATIVE DEFENSE

26

#### (After-Acquired Evidence)

27    11.    After the termination of Plaintiff's employment with Defendant, OfficeMax has

28 been informed and has come to believe in evidence of Plaintiff's conduct which, if OfficeMax

-3-

1   had been aware of such evidence, or that Plaintiff had engaged in such conduct, and fully

2   understood and appreciated such evidence or conduct, Defendant could and would have

3   terminated Plaintiff's employment.

4   ## ELEVNETH AFFIRMATIVE DEFENSE

5   ### (Failure To Mitigate)

6       12.     Defendant is informed and believes that Plaintiff failed to exercise due diligence to

7   mitigate his alleged losses, injuries, or damages and failed to avoid same by timely availing

8   himself of remedies and procedures specified by the Company; accordingly the amount of

9   damages to which Plaintiff may be entitled, if any, should be reduced by the amount of damages

10  that could otherwise have been mitigated.

11  ## TWEFTH AFFIRMATIVE DEFENSE

12  ### (True and Privileged Acts of Management)

13      13.     All actions taken by Defendant represent the true and privileged acts of

14  management taken in good faith for lawful business reasons and were not arbitrary or capricious.

15  ## THIRTEENTH AFFIRMATIVE DEFENSE

16  ### (Failure To Notify And Avoid)

17      14.     The Complaint, and each cause of action thereof, is barred – or the damages

18  flowing therefrom reduced – because Plaintiff failed to notify Defendant of the alleged statutory

19  violations at the time such violations allegedly occurred, which prevented Defendant from taking

20  any action to remedy such alleged violations.

21  ## FOURTEENTH AFFIRMATIVE DEFENSE

22  ### (Good Faith)

23      15.     Plaintiff's claims are barred because any alleged act or omission of Defendants was

24  in good faith and Defendant had reasonable grounds to believe that its conduct did not violate any

25  provision of the California Labor Code, California Code of Regulations, or Order of the Industrial

26  Welfare Commission.  In this connection, Defednant's good faith conduct precludes the award of

27  any penalties under Local Code § 558.

28

-4-

ANSWER TO UNVERIFIED COMPLAINT

## FIFTHEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

16.    The claims of Plaintiff are barred and/or mitigated by the doctrine of avoidable consequences established by *State Dept. of Health Services v. Superior Court (McGinnis)*, 31 Cal. 4th 1026 (2003).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Constitutional Due Process)

17.    The purported class claims of plaintiff – if allowed to be tried upon or with so-called representative evidence -- would violate the procedural and substantive Due Process clauses of the state and federal Constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Labor Code 226.7)

18.    The meal and rest break claims of the named plaintiff does not require an employer to ensure that such break periods are, in fact, taken.

## EIGHTHEENTH AFFIRMATIVE DEFENSE

### (Class Treatment Inappropriate)

19.    The claims alleged are inappropriate for class action treatment since none provide a well defined community of interest among alleged class members, and do not involve a predominance of common factual and/or legal issues.  Moreover, the named plaintiff herein is an inadequate representative for the proposed class, and class action status is not a superior method for the adjudication of the claims raised herein.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

20.    At all times herein, Defendants did not intentionally fail to pay wages that it believed, in good faith, were due and owing to any of its former employees.  Moreover, the defenses raised herein create a situation where said defenses, if successful, would preclude any recovery by plaintiff.

ANSWER TO UNVERIFIED COMPLAINT

57187-0001/LEGAL13158635.2

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Unfair Competition)

21.     Without admitting the allegations of the Complaint, Defendant alleges that Plaintiff's claims are barred in that the alleged practices did not occur (and are not unfair in any event); the public would not likely be deceived by the alleged practices; Defendant would gain no competitive advantage by such alleged practices; and the benefits of the alleged practices outweigh any harm or other impact they may cause.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Unlawful Business Practices)

22.     Plaintiff's claims are barred, in whole or in part, because Defendant's business practices are and were not "unlawful."

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Actions Legitimate)

23.     Defendant's actions were for legitimate business reasons and were not based upon a violation of public policy or other factors protected by law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Penalties Recoverable Under UCL)

24.     Plaintiff may not recover damages or penalties (including exemplary damages) pursuant to California Business and Professions Code section 17200, et seq. ("UCL"), as the UCL does not allow recovery of such damages and/or penalties.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply with LCPAGA)

25.     Plaintiff may not recover penalties pursuant to the Labor Code Private Attorneys General Act ("LCPAGA") because Plaintiff failed to comply with its conditions precedent, including applicable notice-and-cure provisions.

-6-

57187-0001/LEGAL13158635.2

28

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (LCPAGA Penalties Unjust, Arbitrary and Oppressive, or Confiscatory)

26.    To the degree, if any, that penalties are recoverable under the LCPAGA, which Defendant does not concede, they must be reduced by the Court because, under the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary, oppressive, and/or confiscatory.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unconstitutionality)

27.    The Complaint's individual and/or putative class claims that seek the imposition of multiple penalties and/or exemplary damages for the same basic wrongs are unconstitutional in that such relief violates the Due Process clauses of both federal and state Constitutions.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Subsequently Discovered Defenses)

28.    OfficeMax reserves the right to assert new and/or additional affirmative defenses based upon further investigation and/or discovery.

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by his Complaint;

2.    That judgment be entered in favor of Defendant;

3.    That Defendant recover its costs and expenses incurred herein; and

4.    For such other and further relief as the Court deems just and proper.

DATED: April 23, 2007

PERKINS COIE LLP

By: _____
William P. Kannow
Attorneys for Defendant
OFFICEMAX NORTH AMERICA, INC.

-7-

57187-0001/LEGAL13158635.2

**PROOF OF SERVICE - MAIL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am and was at all times herein mentioned employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action or proceeding. My business address is 1620 26th Street, Sixth Floor, Santa Monica, California 90404.

On April 2? , 2007, I served a true copy of **ANSWER TO UNVERIFIED COMPLAINT** on the interested parties in this action by placing said document enclosed in a sealed envelope (for collection and mailing, with postage thereon fully prepaid, on the same date, following ordinary business practices) in an internal collection basket, addressed as follows:

**Attorney for Plaintiffs:**

Matthew J. Matern, Esq.
Rastegar & Matern
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501
Tel: 310-218-5500; Fax: 310-218-1155

I am readily familiar with this business's practices concerning collection and processing of correspondence for mailing with the United States Postal Service, and declare that correspondence is deposited with the United States Postal Service on the same day it is internally collected at Perkins Coie LLP in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; that I am employed in the office of a member of the Bar of this Court at whose direction this service was made; and that this Proof of Service was executed on April 23 , 2007, at Santa Monica, California.

_Helen E. Mays_
Helen E. Mays

ANSWER TO UNVERIFIED COMPLAINT

57187-0001/LEGAL13158635.2

30